STATE OF NORTH CAROLINA v. ROBERT WHITE, JR.

(Filed 15 May 1968.)

**1. Criminal Law § 82—**

The rule forbidding an attorney from divulging confidential communications with his client is waived where the client, in attempting to avoid responsibility for his acts, testifies as to what he contends were communica-

tions between himself and his attorney, especially when the client's version of what transpired reflects upon the attorney, and the attorney may divulge the communications about which the client has testified.

**2. Criminal Law § 23—**

To invalidate a plea of guilty because of an involuntary confession, the defendant must show that the involuntary confession was a substantial factor in his decision to plead guilty.

**3. Criminal Law §§ 82, 181—**

In a post conviction hearing to determine whether defendant's confession was a substantial factor in his decision to plead guilty, where defendant has testified as to recommendations made to him by his attorney, the State is entitled to have the attorney fully disclose his conversations with defendant regarding defendant's plea.

APPEAL by the State from *Snepp, J.,* at the 18 September 1967 Special Mixed Session of MECKLENBURG Superior Court.

At the 7 May 1962 Criminal Term of the Superior Court of Mecklenburg County, two bills of indictment were returned against the defendant; No. 36-757 charged him with the rape of Thelma Thacker on 3 February 1962; No. 36-758 charged him with the rape of Millet Davis on 22 March 1962.

During the first week of said term, defendant, being represented by court-appointed attorney, J. Marshall Haywood, tendered written pleas of guilty to the two charges of rape. On 14 May 1962, Pless, J., sentenced defendant in case 36-757 to life imprisonment; he continued prayer for judgment in case 36-758 until 21 May 1962, at which time Copeland, J., sentenced defendant to life imprisonment in case 36-758, said sentence to commence at the expiration of the sentence imposed in case No. 36-757.

In November or December of 1964, defendant filed a petition for post-conviction review. The petition was heard on 18 March 1965 at which time Houk, J., entered an order finding and concluding that there had been no denial of any of defendant's constitutional rights and denied the petition.

Defendant then petitioned the Supreme Court for *certiorari* to review the order of Houk, J. On 28 June 1967, an order was issued from the Supreme Court remanding the cause to the Superior Court of Mecklenburg County for plenary hearing and preservation of testimony taken, particularly the testimony of Attorney Haywood.

On 29 June 1967, Clarkson, J., entered an order for a plenary hearing and appointed attorney John R. Ingle to represent the defendant.

On 19 and 20 September 1967, Judge Snepp conducted a plenary hearing in which testimony was introduced by the defendant and

the State. On 29 September 1967, Judge Snepp entered judgment finding and concluding that defendant's constitutional rights were violated before and during his trial in cases 36-757 and 36-758 and granted defendant's motion for a new trial.

The Attorney General filed a petition for writ of *certiorari* in this Court. *Certiorari* was allowed on 19 December 1967.

*T. Wade Bruton, Attorney General, by Ralph A. White, Jr., and Dale Shepherd, Staff Attorneys, for the State.*
*John R. Ingle attorney for defendant appellee.*

BRITT, J.   The State's assignment of error is as follows:

"That the Court erred in setting aside appellee's two convictions for rape and in signing the judgment to that effect for the reason that the Court erroneously concluded that appellee's constitutional rights were violated before and during his trial in cases 36-757 and 36-758, the Court erroneously concluded that the statement given by appellee to the police was not voluntary, and the Court erroneously concluded the pleas of guilty entered by appellee were not voluntarily and understandingly entered."

In his findings of fact, Snepp, J., found that at the time of the alleged offenses defendant was twenty years of age and had completed the ninth grade in school; that defendant was arrested on the afternoon of 2 April 1962 and was interrogated at length by police officers on three separate occasions during the following night and again at 8:00 the next morning, at which time the defendant "made a statement to the police officers implicating himself in an offense of rape"; that Attorney Haywood was appointed to represent the defendant approximately three weeks prior to the time of his trial and that after discussions with defendant and his sister, Attorney Haywood recommended that defendant plead guilty to the two charges of rape; that the inculpatory statement given to the police by defendant was a substantial factor in his decision to enter the pleas of guilty.

During the hearing, Attorney Haywood was called by the Solicitor as a witness for the State. The transcript of testimony discloses that the following transpired:

Question to Mr. Haywood by Solicitor: "Well, what was the nature of your conversations with Mr. White about these cases?"
Answer:   "We discussed first of all the fact whether or not he was guilty as charged, whether or not he did, in fact, commit

these crimes. On all occasions but one he readily admitted it and my recollection —

"Court: Wait a minute here. Have you ever heard about about *(sic)* a privileged communication?"

Attorney Haywood was thus prevented from testifying about his conversation with the defendant, which conversation no doubt was a factor in Attorney Haywood's recommendation that the defendant plead guilty. We think the court erroneously excluded testimony of Attorney Haywood in this instance. Two of the grounds on which defendant challenged the constitutionality of his trial were that he was not represented by competent counsel and that the pleas of guilty entered by him were not voluntarily and understandingly made. Defendant testified regarding his conferences with and recommendations made by the attorney.

In *Cooper v. United States*, 6 Cir., 5 F. 2d 824, 825, the Court stated:

> "The rule which forbids an attorney from divulging matters communicated to him by his client in the course of professional employment is for the benefit of the client. But it may be waived by the client; and when a client, in attempting to avoid responsibility for his acts, as in this case, divulges in his testimony what he claims were communications between himself and his attorney, and especially *when his version of what transpired reflects upon the attorney, the reason for the rule ceases to exist, and the attorney is at liberty to divulge the communications about which the client has testified.*" (Emphasis added.)

To the same effect are *Farnsworth v. Sandford*, 5 Cir., 115 F. 2d 375, 377; *United States v. Mahoney*, D.C., 43 F. Supp. 943, 946; *Mahoney v. United States*, D.C., 48 F. Supp. 212, 215; and *United States v. Monti*, D.C., 100 F. Supp. 209, 212.

Any confession or inculpatory statement which the defendant made to the police officers following his arrest was not introduced in evidence. It then becomes necessary to consider whether the confession or inculpatory statement was a *substantial* factor in the defendant's decision to plead guilty. In his testimony, Attorney Haywood, in answer to the question as to whether the confession or inculpatory statement had any bearing on his recommendation to the defendant, stated: "It certainly had some bearing on it. I did give it some weight. My conversations with him and his sister contributed *more heavily* (emphasis added), I would say, but it certainly had some weight on the decision."

In a determination by the court as to whether the confession or

inculpatory statement of the defendant was a substantial factor in his decision to plead guilty, based upon recommendations by his attorney testified to by the defendant, the State is entitled to have the court consider full disclosures by defendant's attorney of conversations had between him and his client.

In *Commonwealth v. Garrett*, 229 A. 2d 922, the Supreme Court of Pennsylvania declared:

"The mere existence of an involuntary confession, however, is not sufficient to invalidate a guilty plea for the petitioner would still have to prove that the involuntary confession was the *primary motivation* for his plea of guilty." (Emphasis added.) Citing *Brown v. Turner*, 257 F. Supp. 734, 738, and *Gilmore v. People of State of California*, 9 Cir., 364 F. 2d 916.

The judgment of Judge Snepp is vacated, and this cause is remanded to the Superior Court of Mecklenburg County to the end that another plenary hearing may be held in accordance with this opinion.

Error and remanded.

MALLARD, C.J., and MORRIS, J., concur.