CHARLES FRANKLIN BATTLE v. STATE OF NORTH CAROLINA

No. 707SC219

(Filed 27 May 1970)

**1. Criminal Law § 181— post-conviction hearing — error in trial — burden of proof**

When a petitioner in a post-conviction proceeding alleges error in the investigatory procedures or trial, resulting in his sentence and imprisonment, the burden of proof is on him to show a denial of some right guaranteed to him by the State or the Federal Constitution.

**2. Criminal Law § 181— post-conviction hearing — court as trier of fact**

In a post-conviction hearing there is no trial by jury, but the judge holding the hearing shall hear the evidence and make appropriate factual findings as to all material issues or questions of fact raised by the petition and supported by the evidence.

**3. Criminal Law § 181— post-conviction hearing — failure to make finding on material issue**

The trial court in a post-conviction hearing committed error in failing to make a factual finding with respect to the material issue raised by the petitioner, that is, whether petitioner's plea of guilty at his trial on a charge of kidnapping was freely, understandingly and voluntarily entered. G.S. 15-221.

**4. Criminal Law §§ 82, 181— attorney-client privilege — waiver in post-conviction hearing**

A petitioner in a post-conviction hearing waived the benefit of the rule protecting privileged communications between himself and his court-appointed counsel at his trial on a charge of kidnapping, where (1) the petition of petitioner indiscriminately attacked the professional integrity and ability of his court-appointed counsel and (2) petitioner called the counsel as his witness in the hearing.

ON *certiorari*, at instance of Charles Franklin Battle, to review the judgment and proceedings before *Bundy, J.*, 22 August 1969 Session of Superior Court held in NASH County.

Charles Franklin Battle (petitioner) filed a petition under the provisions of North Carolina General Statutes, Chapter 15, Article 22, entitled "Review of Criminal Trials." In his petition filed 25 June 1969, he alleges, among other things, that on or about 20 May 1969 he entered a plea of guilty to the charge of kidnapping and was sentenced to life imprisonment; that he was arrested on 5 December 1968 and was thereafter questioned extensively without counsel being present and without being warned of his rights; that his plea of guilty should be considered an involuntary and coerced plea because he was kept separate and apart from another person charged

with the same crime; that the officers overpowered his will to resist, told him to make it easy on himself and confess; that his court-appointed counsel, "Bill Eldridge," had him sent to Cherry Hospital for mental examination; that after his return from Cherry Hospital about two days before his trial, while he was in a cell with his co-defendant, his court-appointed counsel told him that if he did not plead guilty to the kidnapping charge, he would get the gas chamber on a charge of rape; that he was told by counsel that if he pleaded guilty to kidnapping, the other charges against him would be "dropped"; that after telling him this, his court-appointed lawyer had him removed to a cell where he was alone; that by messages relayed to him, he was informed that his co-defendant was going to plead guilty and place the blame on him; that he was thus forced to enter a plea of guilty to the kidnapping charge rather than to insist upon his innocence and face the possible imposition of the death sentence for the rape charge; and that the plea of guilty was not entered freely and voluntarily but was entered as a result of coercion and threats of his receiving the death sentence on a charge of rape.

On 30 June 1969 Judge Hubbard entered an order, as requested, appointing an attorney to represent petitioner in the proceeding.

On 10 July 1969 the State filed an answer to the petition in which the material allegations therein were denied.

Under date of 22 August 1969, the following order was entered:

"This matter comes on to be heard upon a post-conviction hearing heretofore ordered and set to be heard at this term. The petitioner's main allegation and contention, and the only one concerning which he offered any evidence, was that he entered the plea of guilty of kidnapping at the May 1969 Session of this court because he was induced to do so by fraud and misrepresentations, was misled into it, and did so out of fear.

At the term at which he was tried, the petitioner defendant, along with his co-defendant Joseph Mozelle, was charged with rape, armed robbery, felonious assault and kidnapping. Both defendants entered a plea of guilty of kidnapping and the other cases were nol prossed with leave.

No one except the petitioner defendant and his co-defendant, Joseph Mozelle gave any testimony whatsoever in this hearing in support of the petitioner's allegations above stated, while a number of witnesses testified directly contrary to the allegations, including witnesses of the petitioner.

The court finds that every constitutional right of the petitioner

defendant was preserved at and in connection with his trial, and that there has been no violation of any constitutional right.

· IT IS THEREFORE ORDERED that the petition be and the same is hereby denied.

A copy of this Order shall be forwarded to the petitioner at Central Prison, 835 W. Morgan Street, Raleigh, N. C., and a copy to Mr. Royal G. Shannonhouse, Attorney for Petitioner, and a copy to the N. C. Department of Correction, 835 W. Morgan St., Raleigh, N. C."

Petitioner excepted to the findings of fact, conclusions of law, and the entry of the order denying his petition for a new trial.

*Attorney General Morgan and Staff Attorney Eatman for the State.*

*Battle, Winslow, Scott & Wiley by Samuel S. Woodley, Jr., for the petitioner appellant.*

MALLARD, C.J.

Petitioner's first assignment of error is that the trial court committed error in failing to make separate findings of fact and conclusions of law as to each of the petitioner's contentions.

A hearing was held on the petition pursuant to the provisions of G.S. 15-221. The pertinent parts of this statute read:

"The court may receive proof by affidavits, depositions, oral testimony, or other evidence, and the court shall pass upon all issues or questions of fact arising in the proceeding without the aid of a jury. * * * When said hearing is completed, the court shall make appropriate findings of fact, conclusions of law thereon and shall enter judgment upon said hearing."

[1] When a petitioner in a proceeding of this nature alleges error in the investigatory procedures or trial, resulting in his sentence and imprisonment, the burden of proof is on him to show a denial of some right guaranteed to him by the Constitution of North Carolina or by the Constitution of the United States. *Branch v. State,* 269 N.C. 642, 153 S.E. 2d 343 (1967).

In the case before us, there was some evidence offered by the defendant which, if believed, would have justified the court in finding that the defendant's plea of guilty was coerced. However, the State offered evidence that the petitioner, in open court, entered a written plea of guilty to the crime of kidnapping. In the written

plea of guilty, there appears the sworn statement by the defendant that he was guilty. Judge May, the trial judge, made a finding which he caused to be spread upon the record that "the plea of guilty by the defendant is freely, understandingly and voluntarily made, and was made without undue influence." This record, together with other evidence that the defendant's plea was freely, understandingly, and voluntarily made, was before the trial court on this post-conviction review, and if believed, was ample to justify a finding by the court that the defendant's plea of guilty was not coerced but was freely, understandingly, and voluntarily made. The evidence offered was also ample (if the proper facts had been found as required by the above-quoted portion of the statute) to support the conclusion reached by the court on this post-conviction review that "every constitutional right of the petitioner defendant was preserved at and in connection with his trial, and that there has been no violation of any constitutional right." This finding is not a factual finding but is a conclusion of law which should be, but was not in this case, based upon proper findings of fact on all material issues or questions of fact raised by the petition and supported by the evidence. See *Yarborough v. State*, 6 N.C. App. 663, 171 S.E. 2d 65 (1969).

[2]   The statute requires the court in this kind of proceeding to "pass upon all issues or questions of fact arising in the proceeding without the aid of the jury." We interpret this to mean that on this kind of proceeding, there is no trial by jury but that the judge holding the hearing shall hear the evidence and make appropriate factual findings as to all material issues or questions of fact raised by the petition and supported by the evidence.

On this proceeding, upon completion of the hearing, the court in the first paragraph of the order stated the main allegation and contention of the petitioner.

In the second paragraph of the order, the factual finding was made that the defendant was charged with rape, armed robbery, felonious assault and kidnapping; that he entered a plea of guilty to the charge of kidnapping; and that he was not tried on the other charges.

In the third paragraph of the order, there appears the finding, in substance, that there was a conflict in the evidence.

[3]   There was no factual finding by the court on this post-conviction review as to whether the defendant's plea of guilty at his trial on the charge of kidnapping was freely, understandingly and voluntarily entered. This was the material issue or question of fact

raised by the petition and supported by some of the defendant's evidence. By failing to make a finding with respect thereto, the court committed error. Moreover, the facts found by the trial court on this post-conviction review do not support the conclusions of law or the judgment entered.

Petitioner also contends that he was effectively denied the benefit of counsel at his post-conviction review. In support of this contention, he argues that his counsel at the post-conviction review (who was the third court-appointed lawyer the defendant has had in this case) did not properly present his contentions; that he presented witnesses and "testimony which was highly prejudicial to the petitioner and in direct conflict with his contentions as testified to by petitioner"; and that "his counsel introduced highly incriminating communications made by petitioner to his counsel who previously represented him, when such evidence was clearly inadmissible against petitioner."

The record reveals that petitioner's counsel at this post-conviction review subpœnæd and presented the witnesses defendant requested. The hearing was on separate days at the same session of court. At the first session the petitioner did not desire to testify but asked that the case be continued so additional witnesses could be subpœnæd. This was done. On the next date when the hearing was resumed, the defendant chose to testify.

The fact that the testimony of some of defendant's witnesses differed from that which the defendant himself testified to is no indication, under these circumstances, that petitioner's counsel was ineffective.

In the petition filed herein by the defendant, prior to the time of the appointment of counsel to represent him in this post-conviction review, there was an indiscriminate attack upon the professional integrity and ability of the two court-appointed lawyers who had theretofore represented petitioner. These two lawyers were called by petitioner's attorney at the post-conviction review and put on the witness stand prior to the time the petitioner finally decided he would testify in the case. Some of the information elicited on this proceeding from petitioner's former counsel was obtained by them from sources other than the petitioner, some occurred in open court, and, of course, some was told to them by the petitioner.

In 3 Jones on Evidence, Fifth Edition, § 827, the general rule with relation to privileged communications between an attorney and client is stated as follows:

"A familiar rule of the common law forbids an attorney or counselor at law, unless his client consents, from disclosing communications which have been made by the client or advice which he may have given to the client. * * *

The rule excluding the testimony of the attorney or the client with respect to communications passing between them is a matter which is within the power of the legislature to change or even to abrogate entirely * * *."

However, the client may waive this privilege. Stansbury, N. C. Evidence 2d, § 62.

[4]    In this proceeding we hold that when the petitioner filed the petition in which he attacked the professional integrity and ability of his court-appointed lawyers, he thereby waived the benefit of the rule with respect to privileged communications between him and his lawyers relating to the matters alleged in the petition. To hold otherwise would close the mouth of an officer of the court and thereby allow a fraud to be practiced upon the court in connection with all pleas of guilty where an attorney represented the defendant. To hold otherwise would also permit a direct attack to be made upon the professional integrity and ability of the lawyer, without permitting him to reply to such attack. Moreover, in this case when the petitioner called the lawyers as his witnesses, he waived the benefit of the rule.

In connection with practicing a fraud upon the State, attention is called to G.S. 8-52 which reads:

"In cases where fraud upon the State is charged it shall not be a sufficient cause to excuse anyone from imparting any evidence or information legally required of him, because he came into the possession of such evidence or information by his position as counsel or attorney before the consummation of such fraud, and any person refusing for such cause to answer any question when legally required so to do shall be guilty of contempt, and punished at the discretion of the court or other body demanding such information: Provided, that it shall not be competent to introduce any admissions thus made on the trial of any persons making the same."

We have considered the entire record of this proceeding and are of the opinion and so hold that the petitioner was properly represented at the post-conviction review.

This case is remanded to the Superior Court of Nash County for findings of fact and conclusions of law based thereon in keeping

with the issues and questions of fact set forth in the petition and supported by the evidence which was introduced.

Error and remanded.

MORRIS and GRAHAM, JJ., concur.