**Eddie Paul HARRIS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 23, 1984.

Robert Alan Riley, Asst. Public Advocate, LaGrange, for appellant.

David L. Armstrong, Atty. Gen., Bruce R. Hamilton, Sp. Asst. Atty. Gen., LaGrange, for appellee.

Before HOWARD, LESTER and WHITE, JJ.

WHITE, Judge.

This appeal is from the Order of the Oldham Circuit Court by which appellant's RCr 11.42 motion was overruled.

In October 1982 Mr. Harris filed, *pro se,* the 11.42 which cited various contentions of ineffective assistance of counsel. Relief was denied without a hearing; however, this determination was subsequently vacated under a 60.02 motion dated November 1982.

The following October a supplement to the 11.42 was filed. Together with the original charge of ineffective assistance of counsel the Circuit Court was asked to consider whether such ineffectiveness affected appellant's entry of a voluntary, knowing guilty plea to his 1980 indictment for murder.

An evidentiary hearing was held in January 1984. At that time Wendell Simpson, Mr. Harris's attorney at the murder proceedings, was called as appellant's first witness. However, Mr. Simpson's testimony was interrupted when Mr. Harris attempted to assert the KRS 421.210(4) attorney-client privilege. The lower Court held that if Mr. Simpson testified, waiver was thereupon effected. Further, the Court noted that certain allegations in appellant's

11.42 complaint in and of themselves constituted waiver.

Choosing not to pursue the examination of his former counsel, Mr. Harris rested upon the pleadings. Reviewing such, the Circuit Court held that effective counsel had been rendered.

On appeal we are first asked to consider the lower Court's position concerning attorney-client privilege. It is argued that appellant should have been permitted to have attempted to prove his case through testimony on non-privileged matters. As long as privileged information was not revealed, it is urged that the privilege would not be waived.

Mr. Harris further asserts that only the issues raised by him existed and that he alone was to choose what proof to offer in support thereof. This, however, overlooks CR 43.06, made applicable to criminal proceedings under RCr 13.04. In pertinent part it states: "[A]ny witness called by a party and examined as to any matter material to *any* issue may be examined by the adverse party upon *all* matters material to *every* issue of the action." (Emphasis added.)

▮ Clearly, therefore, under this Rule Pandora's box was opened when questioning began. Additionally, just as mental health is immediately placed into issue in custody proceedings, thereby resulting in an automatic waiver of the psychiatrist-patient privilege [*Atwood v. Atwood,* Ky., 550 S.W.2d 465 (1976)], it must be held that when ineffective assistance of counsel is raised via an 11.42, the statutory attorney-client privilege is lost. Only when all aspects of the relationship are explored can it be determined whether counsel was reasonably likely to render effective assistance. *Henderson v. Commonwealth,* Ky., 636 S.W.2d 648 (1982).

▮ Lastly, it is the position of this Court that *all* contact between a party and his counsel in his professional capacity must be deemed in anticipation of litigation or in furtherance of the legal services being offered. Consequently, there can be no

division of the association into privileged and non-privileged categories. The lower Court did not err in holding that a waiver of the KRS 421.210(4) privilege had occurred.

■ Appellant next argues that prior to the entry of his guilty plea Wendell Simpson consulted with him an insufficient amount of time and failed to investigate adequately his case. These concerns were matters known to Mr. Harris at the time his plea was entered and accepted. Nevertheless, he responded favorably to the Circuit Court's inquiry as to whether he was satisfied in all respects with Mr. Simpson's advice. Also, he signed before the Court a statement which asserted that he believed his "attorney has done all that anyone could do to counsel and assist me, and that there is nothing about the proceedings in this case against me which I do not fully understand." Each clearly precludes his later arguing otherwise in an 11.42 motion.

As a final point we are asked to hold that the Commonwealth's failure to have responded to his complaint within the twenty days granted under RCr 11.42(4) and its failure to have responded at all to his supplement denied him due process. It is urged that his arguments must be taken as confessed and that he accordingly be granted a new trial on his murder charge. To this end we are referred to CR 55.01 (again via RCr 13.04): "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these Rules, the party entitled to a judgment by default *shall* apply to the Court therefor." (Emphasis added.)

■ We are cited to no motion for a default judgment; therefore, reliance upon CR 55.01 is misplaced. Mr. Harris did file a *pro se* Motion to Strike the Commonwealth's response as untimely; however, this is not a substitute. Even if it were, the granting of a default judgment is in most cases discretionary with the trial court. Here, however, CR 55.04 clearly precludes against such procedure.

In any event the appellant was granted a *hearing* whereby he could have developed his allegations of error, if any.

The Judgment is affirmed.

All concur.