Homer MORRIS, Petitioner-Appellant,

v.

Ralph KEMP, Respondent-Appellee.

No. 85-8272.

United States Court of Appeals,
Eleventh Circuit.

Feb. 13, 1987.

Paul S. Kish, Federal Public Defender, Atlanta, Ga., for petitioner-appellant.

Mary Beth Westmoreland, Atlanta, Ga., for respondent-appellee.

Before TJOFLAT and ANDERSON, Circuit Judges, and MORGAN, Senior Circuit Judge.

TJOFLAT, Circuit Judge:

Homer Morris, a Georgia prisoner, appeals from the district court's denial of his petition for a writ of habeas corpus. We affirm.

## I.

Petitioner was indicted by a grand jury in Fulton County, Georgia, on charges of rape, aggravated sodomy, kidnapping, and motor vehicle theft, all stemming from a November 11, 1977 encounter between himself and the victim, Sheila Knowles. Petitioner testified on his own behalf at trial and presented an alibi defense. He maintained that the first time he ever saw the victim was at a pretrial hearing held in his case, and he denied committing the charged crimes. The jury convicted him on all counts, and his conviction was affirmed on direct appeal.

Petitioner then filed a pro se application for a writ of habeas corpus in the Superior Court of Fulton County. The petition recited several claims of constitutional error, including a contention that the victim perjured herself at trial. Petitioner's application raised no allegation of ineffective assistance of counsel. After filing his petition, petitioner obtained the services of an attorney who amended the habeas petition to raise only one claim: that petitioner's conviction was secured by the use of perjured testimony, consisting of the victim's statement that she had never seen petitioner before the November 11, 1977 incident.

The state habeas court held an evidentiary hearing, and petitioner testified on his own behalf. He stated that he and the victim had been involved in an affair prior to the time the crimes were alleged to have taken place. He claimed that the victim had been pressuring him to leave his wife and that he had resisted doing so. He intimated that in retaliation the victim made the allegations leading to the conviction in question. He denied committing the crimes charged. Petitioner explained that he told an entirely different story at trial, denying that he had ever met the victim, because he did not want to damage his relationship with his wife.

Petitioner attempted to corroborate his story by explaining that prior to trial he told his trial attorney that he knew the victim, but that his attorney refused to act on this knowledge and failed to contact individuals who would have corroborated his assertion. Petitioner testified that his trial attorney told him the case was going well and that it would not be necessary to bring out the details of his past relationship with the victim. He also volunteered that he had given a dishonest response

when he told the trial judge that he was satisfied with counsel's representation.

The victim was called as a witness by petitioner's habeas counsel. She continued to deny that she had known petitioner prior to the commission of the offenses and testified consistently with her trial testimony. During the course of the direct examination of the victim, petitioner's attorney requested that she be declared a hostile witness so that he could ask leading questions. The court denied the request.

The State called petitioner's trial counsel as its only witness at the hearing. The State asked counsel whether petitioner had told him prior to trial that he knew the victim. Petitioner's habeas attorney objected and asserted petitioner's attorney-client privilege. The habeas judge noted, and the state's attorney argued, that petitioner could not testify that he told his trial counsel about his relationship with the victim and then hide behind a privilege when his trial counsel was asked about the matter.

Petitioner's habeas counsel argued that he was not making an ineffective assistance of counsel claim and thus had not effected a general waiver of the attorney-client privilege. The court stated that petitioner seemed to have raised an ineffective assistance claim. Habeas counsel responded that when he entered the case and filed the amended petition for relief, he struck all claims appearing in the original pro se petition and raised only the claim that the conviction was based upon perjured testimony. He seemed to be saying that the original petition contained an ineffective assistance of counsel claim, but that it had been dropped when the petition was amended. In fact, the original petition did not raise a claim of ineffectiveness. In any event, counsel adhered to his position that the attorney-client privilege applied. On the basis of counsel's argument, the court stated its understanding that the original petition raised the issue of competency of counsel and the amended petition deleted any such reference. The court commented that petitioner's testimony at the hearing

appeared to inject the issue of competency of trial counsel back into the case.

The court then ruled that because petitioner had testified that he told his trial attorney about his relationship with the victim, he had waived the attorney-client privilege as to that issue. The court specifically stated that it was not holding that the privilege had been waived as to all matters; it was waived only as to petitioner's statements to trial counsel "in regard to prior knowledge of the victim" because petitioner had raised such issues. Petitioner's habeas counsel sought and received confirmation that the waiver was a limited one. Petitioner's trial counsel then testified on the waived point and denied that petitioner told him he knew the victim prior to the commission of the offenses. Nothing further was said about an ineffective assistance of counsel claim.

The state habeas court denied the petition, holding that petitioner failed to show that the victim's testimony was perjured and that the State knowingly used perjured testimony to obtain petitioner's conviction. The court also noted that "[p]etitioner's original contentions in regard to incompetent counsel have not been insisted upon by petitioner," apparently referring to the exchange at the hearing where counsel indicated that the original petition contained such a claim. Petitioner filed an application for a certificate of probable cause to appeal to the Supreme Court of Georgia. The application made vague reference to the right to effective assistance of counsel but took no issue with the state habeas court's ruling that the issue of ineffective assistance had not been pursued. The Supreme Court of Georgia denied the application for the certificate.

Petitioner subsequently filed a pro se petition for habeas relief in the Superior Court of Butts County, Georgia, in which he specifically raised the claim of ineffective assistance of counsel for the first time. The State filed a motion to dismiss the petition as successive. The court held a hearing on the petition and the motion. It dismissed the petition as successive, holding that under Georgia law, all grounds for

relief had to be raised in the original habeas proceeding and that the claim of ineffective assistance of counsel had not been pursued in petitioner's first petition.[1] Petitioner did not seek a certificate of probable cause to appeal this order.

Petitioner then filed a petition for habeas relief in the United States District Court for the Northern District of Georgia, claiming that his conviction was unconstitutional because the State used perjured testimony to secure his conviction[2] and because he was denied effective assistance of trial and appellate counsel.[3] After conducting an evidentiary hearing on whether the ineffectiveness claim had been waived, the court determined that petitioner had waived the claim in his first state habeas proceeding and could not properly assert it in federal court.[4] The court further held that the first state habeas hearing was "full and fair" within the meaning of 28 U.S.C. § 2254(d) (1982) and accepted the state habeas court's finding that petitioner had not shown that the victim's testimony at trial was perjured or that the State knowingly used perjured testimony to secure petitioner's conviction.

## II.

■ Petitioner argues that the district court erred in finding that he deliberately bypassed an available state remedy and knowingly waived his right to assert a claim of ineffective assistance of counsel. *See Fay v. Noia,* 372 U.S. 391, 438–39, 83 S.Ct. 822, 849, 9 L.Ed.2d 837 (1963). We need not address whether a "deliberate bypass" occurred in this case, because it is clear that, at a minimum, petitioner committed a procedural default in failing to pursue an ineffective assistance claim in his first state habeas proceeding. Neither petitioner's original pro se state habeas petition nor his amended petition contained such a claim. The issue only arose because petitioner testified, in support of his claim that his conviction was based on perjured testimony, that he had told his trial attorney about his prior relationship with the victim. When his trial counsel was asked about this, petitioner sought to hide behind the attorney-client privilege. In support of his claim of privilege, his attorney informed the court that the choice had been made not to pursue an ineffective assistance claim, which would have waived the privilege entirely. The court indicated that petitioner's testimony appeared to raise the ineffectiveness issue and petitioner's counsel reiterated that such a claim was not being raised and that his client wished to assert the attorney-client privilege. The

1. Ga.Code Ann. § 9–14–51 (1982), which at the time of the hearing was codified as Ga.Code Ann. § 50–127(10) (1979), provides as follows:

   All grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so raised are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

2. The district court interpreted this claim as alleging that the conviction violated due process because the State knowingly used perjured testimony. *See Napue v. Illinois,* 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959).

3. Petitioner's initial petition was filed pro se. He subsequently requested and was granted appointment of counsel, who filed a clarification of the pro se petition in which he specified in greater detail petitioner's ineffective assistance of counsel claim: "Petitioner adopts his original factual basis and adds that trial counsel did not provide effective assistance because he did not properly investigate the case, prepare for trial, challenge evidence introduced against the Petitioner at trial and negligently abandoned grounds of appeal before the Georgia Court of Appeals."

4. The magistrate before whom the hearing was held found that despite the attorney's actions, the claim should not be deemed waived, because petitioner never knowingly and intentionally abandoned his ineffective assistance of counsel claim, nor deliberately bypassed an available state remedy. The district court, however, disagreed and ruled that it was unnecessary to demonstrate that petitioner consented to his attorney's waiver of his ineffective assistance of counsel claim. The court concluded that the claim was waived and would not be addressed on the merits.

court then correctly concluded that a limited waiver of the attorney-client privilege had taken place because petitioner testified that he told his attorney he knew the victim prior to the date of the crime. Habeas counsel then sought and received confirmation that consistent with his decision not to raise an ineffective assistance claim, the waiver was a limited one and did not "open to the floodgate any and everything."

The state habeas court's dispositive order did not address an ineffectiveness claim, because none had been asserted, and in a subsequent state habeas proceeding the court refused to address such a claim because it had not been brought in the initial habeas proceeding. Petitioner thus committed a procedural default when he failed to assert his ineffective assistance claim in his first habeas proceeding, preferring to stand on his claim of attorney-client privilege. Absent a showing of cause and prejudice, petitioner is now barred from bringing the claim in the federal habeas court. *See Wainwright v. Sykes,* 433 U.S. 72, 86–87, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977). Petitioner has not alleged or demonstrated cause and prejudice. The district court thus correctly refused to address the merits of petitioner's ineffective assistance of counsel claim.

■ Petitioner also contends that the district court erred in adopting, pursuant to 28 U.S.C. § 2254(d) (1982), the state habeas court's finding that petitioner failed to show that he had a relationship with the victim prior to November 11, 1977. Petitioner argues that he did not receive a "full, fair, and adequate hearing" in the state habeas court, because his attorney was not permitted to cross-examine the victim as a hostile witness; thus, the district court should not have accepted the state habeas court's findings. *See* 28 U.S.C. § 2254(d)(6) (1982). The issue before us is not whether the state habeas judge's ruling was correct in light of Georgia rules of evidence, but rather whether petitioner received a full, fair, and adequate hearing. A review of the transcript of the state habeas hearing indicates that he did. The failure to declare the witness hostile did nothing to inhibit the scope of petitioner's attorney's examination of the victim. Petitioner points to no instance in which his attorney's examination of the victim was hampered by the court's rulings. Instead, petitioner relies on general assertions that his counsel could not conduct a sifting and thorough cross-examination and could not vigorously confront the witness. The record belies these assertions. Counsel was able to address all relevant lines of inquiry, and, even after the court's ruling, continued to employ leading questions to elicit testimony. In addition, at no time has petitioner presented any evidence indicating that the State *knowingly* presented perjured testimony. Accordingly, the district court's denial of habeas relief is

AFFIRMED.

ANDERSON, Circuit Judge, specially concurring:

I concur in the judgment, but for reasons different than those relied upon by the majority. I would hold that petitioner's ineffective assistance of counsel claim is barred by the deliberate bypass doctrine. The district court correctly held that petitioner's counsel at his first state habeas hearing specifically waived this ground. It is also clear that counsel's waiver was a strategic decision. The law of this circuit is well established that a waiver decision of counsel relating to trial strategy is binding upon his client, even in the absence of consultation with the client. *Henry v. State of Mississippi,* 379 U.S. 443, 451, 85 S.Ct. 564, 569, 13 L.Ed.2d 408 (1965); *Thomas v. Zant,* 697 F.2d 977, 987 (11th Cir.1983); *Coco v. United States,* 569 F.2d 367, 371 (5th Cir.1978).[1]

---

1. In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.