STATE OF NORTH CAROLINA v. NORRIS CARLTON TAYLOR

No. 299PA88

(Filed 26 July 1990)

1. **Criminal Law § 82.1 (NCI3d) — allegation of ineffective assistance of counsel — attorney-client privilege — work product privilege — limited waiver**

     By alleging in his motion for appropriate relief that his court-appointed attorney, the Public Defender, rendered ineffective assistance of counsel during the trial and direct appeal of these cases, defendant waived the benefits of both the attorney-client privilege and the work product privilege, but *only* with respect to matters relevant to his allegations of ineffective assistance of counsel.

     **Am Jur 2d, Criminal Law §§ 984, 985, 987.**

2. **Criminal Law § 98 (NCI4th) — post-trial motion — power of court to compel disclosure of relevant facts — ineffective assistance of counsel — disclosure of Public Defender's files ordered**

     The judiciary must and does have the inherent power to compel disclosure of relevant facts regarding a post-trial motion and may order such disclosure prior to a hearing on that motion; therefore, it was within the inherent authority of the superior court to order disclosure of the Public Defender's files prior to a hearing on defendant's motion for appropriate relief based on alleged ineffective assistance of counsel.

     **Am Jur 2d, Criminal Law §§ 984, 985, 987.**

3. **Constitutional Law § 31 (NCI3d) — expert witness on North Carolina appellate practice — no appointment for indigent — no error**

     The trial court did not err in denying defendant's motion for funds to employ an expert witness on North Carolina appellate practice to testify in support of his claim that he received ineffective assistance of counsel on his direct appeal of these cases, where the trial court appointed additional counsel to represent defendant in this matter who had already, by filing a brief on behalf of defendant in these cases and by presenting this issue for defendant in the amended motion

STATE v. TAYLOR

[327 N.C. 147 (1990)]

for appropriate relief, demonstrated that he possessed a thorough knowledge of the standards and intricacies of North Carolina appellate practice, and defendant therefore failed to show that he would be deprived of a fair hearing and ruling on his motion for appropriate relief without the assistance of the expert requested or that there was a reasonable likelihood that such an expert would materially assist him in the preparation or presentation of his claim of ineffective assistance of counsel during the direct appeal.

**Am Jur 2d, Criminal Law §§ 955, 1006.**

Justice MEYER dissenting in part.

ON certiorari to review an order filed in the Superior Court, CUMBERLAND County, by *Hobgood (Robert H.), J.,* on 20 June 1988. Heard in the Supreme Court on 14 November 1989.

*Lacy H. Thornburg, Attorney General, by Isaac T. Avery, III, for the State.*

*James R. Glover for the defendant-appellant.*

MITCHELL, Justice.

The issues before this Court for review on certiorari concern an order and various motions related to a post-trial motion for appropriate relief filed by the defendant in the Superior Court, Cumberland County. Those issues include: (1) the extent to which the defendant, by alleging ineffective assistance of counsel, waived the rights of confidentiality arising from his relationship with counsel who represented him during the trial and direct appeal of these cases; (2) the extent of the Superior Court's authority, prior to a hearing on the defendant's post-trial motion, to require that the defendant disclose such otherwise confidential information; and (3) whether the indigent defendant is entitled to funds to employ an expert witness on North Carolina appellate practice to testify in support of his claim that he received ineffective assistance of counsel on his direct appeal of these cases.

The Cumberland County Grand Jury returned a true bill of indictment on 5 September 1978 charging the defendant with the armed robbery and first-degree murder of Mildred Murchison. On 5 March 1979, the Cumberland County grand jury returned a true bill of indictment charging the defendant with the kidnapping and

armed robbery of Malcolm Biles and with assault with a deadly weapon with intent to kill inflicting serious injury upon Biles. The defendant was found to be indigent, and the Public Defender for the Twelfth Judicial District, Ms. Mary Ann Tally, was appointed to represent him at the trial of these cases.

The cases against the defendant were joined for trial on motion of the State. The defendant's motion for a change of venue of the trial to New Hanover County was allowed, and the cases were tried at the 28 May 1979 Special Criminal Session of. Superior Court, New Hanover County. On 10 July 1979, the jury returned verdicts finding the defendant guilty of all of the charges against him. On 30 July 1979, at the conclusion of a separate sentencing proceeding, the same jury recommended, and the trial court entered, judgment sentencing the defendant to death for the first-degree murder of Mildred Murchison. As the first-degree murder conviction was based upon the theory of felony murder during the armed robbery of Murchison, that armed robbery conviction merged with the murder | conviction. Therefore, the judgment on that armed robbery conviction was arrested. The trial court sentenced the defendant to terms of imprisonment on the remaining convictions.

The defendant gave notice of appeal in open court, and Public Defender Tally was appointed to represent him on appeal. The defendant, represented by Public Defender Tally, perfected his appeal to this Court which ordered a new trial on the kidnapping conviction but found no error as to the other convictions and sentences, including the sentence of death in the first-degree murder case. *State v. Taylor*, 304 N.C. 249, 283 S.E.2d 761 (1981). A review of the evidence at trial is included in this Court's opinion and decision resolving the issues raised on direct appeal and need not be repeated here. *See id.* The Supreme Court of the United States denied petitions for writ of certiorari, *Taylor v. North Carolina*, 463 U.S. 1213, 77 L. Ed. 2d 1398 (1983), and for rehearing, *Taylor v. North Carolina*, 463 U.S. 1249, 77 L. Ed. 2d 1456 (1983), filed on the defendant's behalf by Public Defender Tally.

On 13 February 1984, Public Defender Tally filed a motion for appropriate relief on the defendant's behalf seeking a new trial or, alternatively, a new sentencing proceeding. The parties agree that on 14 June 1984 an order was entered in the Superior Court, Cumberland County, appointing the Office of the Appellate Defender as additional counsel and ordering that office to review all of the

proceedings in these cases to determine whether an additional or supplemental motion for appropriate relief should be filed alleging ineffective assistance of counsel during the trial and the direct appeal of these cases. From the record, it appears that nothing further transpired until two years later when, on 1 July 1986, the Superior Court, Cumberland County, entered an order appointing the defendant's current counsel, Mr. James R. Glover, as additional counsel to represent the defendant. That order directed Mr. Glover to review all of the proceedings in these cases including pretrial motions, the actual trial of the cases, the direct appeal to this Court and the petitions which had been filed on the defendant's behalf with the Supreme Court of the United States. The order also directed that Mr. Glover "determine whether or not an additional or supplemental Motion for Appropriate Relief should be filed alleging that the Defendant did not receive effective assistance of counsel either in the trial or appellate stage of these proceedings." The order further directed Mr. Glover to consult with the defendant concerning these matters and indicated that it was "the intent of the Court that the question of ineffective assistance of counsel be raised at this time [if it] is going to be raised at all." Acting pursuant to this order of 1 July 1986, Mr. Glover conducted the required review and, on 23 November 1987, filed an amended motion for appropriate relief on behalf of the defendant contending, *inter alia*, that the defendant's counsel had given him ineffective assistance of counsel, both in preparing and presenting his defense at trial and in preparing and presenting his case before this Court on direct appeal. The State filed its response on 18 December 1987.

On 28 April 1988, the State filed a motion in Superior Court, Cumberland County, asserting that it would be "inappropriate for Ms. Tally to continue to represent the defendant while he alleges that she was ineffective." By its motion, the State sought an order "removing Ms. Tally as counsel for the defendant and providing for access to her files on this defendant's case by counsel for the State." A hearing on this motion by the State was held in Superior Court, Cumberland County, on 31 May 1988. During the hearing, the defendant filed a memorandum of law opposing an order requiring Public Defender Tally to disclose all of her office's files relating to the defendant. The defendant also filed, *inter alia*, a motion for funds to hire an expert witness on North Carolina appellate practice to testify on his behalf at any later hearing on his amended

motion for appropriate relief. During the hearing, the court indicated that it would order Public Defender Tally to give the State access to her office's files relating to the defendant, would remove her as counsel and would deny the defendant's motion for funds for an expert witness. Counsel for the State was directed to draft an order to that effect. Upon receiving the proposed order, the defendant submitted formal objections and an affidavit of Public Defender Tally indicating that, in her opinion, portions of her files on the defendant were irrelevant to issues raised by the defendant's allegations that she had rendered ineffective assistance of counsel during his trial and appeal.

On 20 June 1988, the order which is now before us for review was filed in the Superior Court, Cumberland County, removing Public Defender Tally as counsel for the defendant. In this order, the Superior Court concluded that "Based upon the claim for ineffective assistance of counsel, it appears necessary to the Court that the State have access to the files of the Public Defender's Office relating to these cases." Therefore, the Superior Court ordered "that the Public Defender within ten days of the date of this order, and as necessary during the litigation of the motion for appropriate relief, and its amendments, provide . . . the State . . . access to . . . all files relating to these cases." Further, in this order, the Superior Court denied the defendant's motion for funds to employ an expert witness.

On 7 September 1988, this Court entered an order allowing the defendant's petition for a writ of certiorari to review those parts of the Superior Court's order (1) granting the State access to the Public Defender's files and (2) denying the defendant's motion for the appointment of an expert witness. On the same date, this Court entered an order allowing the defendant's petition for a writ of supersedeas.

·I.

[1] By an assignment of error, the defendant contends that to the extent his allegations of ineffective assistance of counsel operated as a waiver of his rights of confidentiality arising under the attorney-client privilege and under the work product privilege, his waiver of confidentiality was limited to information relevant to his claims of ineffective assistance of counsel. Therefore, the defendant argues, the order of the Superior Court directing him to give the State "access to . . . all files relating to these cases" without any limitation

went beyond his waiver and violated the attorney-client privilege and the work product privilege and, thereby, exceeded the court's authority. We agree.

Attorney-client communications are privileged under proper circumstances. *State v. Tate*, 294 N.C. 189, 239 S.E.2d 821 (1978); *see generally* 1 Brandis on North Carolina Evidence § 62 (3d ed. 1988). A similar qualified privilege protects criminal defendants from disclosure of the work of attorneys produced on behalf of such defendants in connection with the investigation, preparation or defense of their cases. *State v. Hardy*, 293 N.C. 105, 235 S.E.2d 828 (1977); N.C.G.S. § 15A-906 (1988). *See generally* 1 Brandis on North Carolina Evidence § 62. Both the attorney-client privilege and the work product privilege, however, are privileges belonging to the defendant and may be waived by him. *See State v. Hardy*, 293 N.C. at 126, 235 S.E.2d at 840-41 (work product privilege); *State v. Tate*, 294 N.C. at 193, 239 S.E.2d at 825 (attorney-client privilege).

By alleging in his amended motion for appropriate relief that his court-appointed attorney, the Public Defender, rendered ineffective assistance of counsel during the trial and direct appeal of these cases, the defendant waived the benefits of both the attorney-client privilege and the work product privilege, but *only* with respect to matters relevant to his allegations of ineffective assistance of counsel. *See Battle v. State*, 8 N.C. App. 192, 174 S.E.2d 299 (1970); *State v. White*, 1 N.C. App. 219, 161 S.E.2d 32 (1968). As Justice Meyer points out in dissent, the defendant's attack on the Public Defender's representation of him — particularly her representation of him at trial — was rather broad-ranging and extensive in nature. Therefore, we concede that the defendant made a fairly broad waiver of the privileges in question; but we nevertheless conclude that his waiver was not an unlimited waiver. As the order of the Superior Court directed the defendant to provide the State access to "all files relating to these cases" without limiting the ordered disclosure to matters relevant to issues raised by the defendant's allegations of ineffective assistance of counsel, the order of the Superior Court was overbroad and exceeded its authority.

## II.

[2] By another assignment of error the defendant contends that the Superior Court was without authority to order the defendant or Public Defender Tally to give the State access to any files

STATE v. TAYLOR

[327 N.C. 147 (1990)]

prior to a hearing on the defendant's amended motion for appropriate relief. In support of this argument, the defendant points out that under N.C.G.S. § 15A-1411(b) a motion for appropriate relief is a motion in the original criminal action and not a new civil proceeding. He argues that except for very limited discovery provided by our discovery statutes, N.C.G.S. §§ 15A-901 to -910, neither party in a criminal case is entitled to have a potential witness compelled to disclose evidence prior to trial. The defendant seeks to equate a hearing on the merits of his post-trial motion for appropriate relief in this case to a jury trial, and argues that the Superior Court was without authority to order him to disclose anything prior to such a hearing on his motion, unless such order requiring disclosure was specifically authorized by our discovery statutes. We do not agree.

It is true that neither the State nor the defendant had a *right* of discovery in criminal cases under the common law. *State v. Goldberg*, 261 N.C. 181, 134 S.E.2d 334, *cert. denied*, 377 U.S. 978, 12 L. Ed. 2d 747 (1964). Presently, limited rights of discovery for the defendant and the State exist under the Constitution of the United States or by statute. *E.g., Brady v. Maryland*, 373 U.S. 83, 10 L. Ed. 2d 215 (1963) (constitutional requirement that State disclose certain information favorable to defendant prior to trial); N.C.G.S. §§ 15A-901 to -910 (1988) (statutory rights of discovery for defendant and State). Assuming *arguendo* that the State has no right to discovery on the facts before us, however, "the absence of discovery as a matter of right does not necessarily preclude the trial judge from ordering discovery in his discretion." *State v. Hardy*, 293 N.C. 105, 124, 235 S.E.2d 828, 840 (1977); *see* 23 Am. Jur. 2d *Depositions and Discovery* § 403 (1983) (courts' inherent power to order discovery to assure justice in criminal cases). Here, as in previous cases, "it is not necessary for us to reach the question of whether North Carolina trial judges have the inherent power to order pretrial discovery in the absence of a statute prohibiting discovery." *State v. Hardy*, 293 N.C. at 125, 235 S.E.2d at 840. Instead, we must decide whether, on the facts before us, the Superior Court had the inherent authority to order disclosure of facts relevant to the defendant's motion for appropriate relief, which was made after the trial and direct appeal of these cases.

We have previously held that our trial judges have inherent authority to order disclosure at trial of relevant facts, where it

is in the interest of justice to do so. In reaching our holding in this regard, we stated:

> At trial the major concern is the "search for truth" as it is revealed through the presentation and development of all relevant facts. To ensure that truth is ascertained and justice served, the judiciary must have the power to compel the disclosure of relevant facts, not otherwise privileged, within the framework of the rules of evidence.

*Id.* (citation omitted). The same reasoning leads us to conclude that our judiciary also must and does have the inherent power to compel disclosure of relevant facts regarding a post-trial motion and may order such disclosure prior to a hearing on such motion.

In the present case, the defendant concedes that the State may cause subpoenas to be issued, pursuant to N.C.G.S. § 15A-801, compelling Public Defender Tally and any of her assistants who may have relevant information to attend any hearing on his amended motion for appropriate relief for the purpose of testifying. Further, the State may cause a subpoena for the production of documentary evidence to be issued, pursuant to N.C.G.S. § 15A-802, requiring the production of the Public Defender's files and records concerning these cases at any such hearing on the defendant's motion. These facts simply add weight to our conclusion that it was within the inherent authority of the Superior Court to order disclosure of the Public Defender's files prior to a hearing on the defendant's motion for appropriate relief, but limited to matters as to which the defendant has waived the attorney-client privilege and work product privilege. On our remand of these cases, the Superior Court may reasonably conclude that ordering such disclosure prior to any hearing on the merits of the defendant's amended motion for appropriate relief will significantly assist in the search for truth. If so, the Superior Court has the inherent authority to order such disclosure in the interest of justice prior to any hearing.

As Public Defender Tally has been removed as counsel for the defendant and will be required to meet his allegations that she has rendered him ineffective assistance, she should not be required to determine which of the files and documents in her office must be disclosed to the State pursuant to any order of disclosure the Superior Court may enter. That obligation and responsibility in these cases should now fall to Mr. Glover, the defendant's

current appointed counsel, who must, of course, be given full access to all of the Public Defender's files concerning the defendant. He will be required to make the initial determination as to what documents and matters in those files must be disclosed to the State, should the Superior Court on our remand of these cases order disclosure prior to a hearing on the defendant's amended motion for appropriate relief.

Apparently anticipating just such a possibility, Mr. Glover has described in his brief before this Court the extent to which he contends the defendant has waived the attorney-client privilege and work product privilege by making specific allegations of ineffectiveness of counsel. He argues that the defendant has not waived the limited privileges of confidentiality as to certain parts of the files of the Public Defender, and he has undertaken to identify those parts of the files in some detail. Although the defendant's brief demonstrates commendable thoroughness in this respect, it is too early for such arguments to be considered by this Court. Should the Superior Court, upon our remand of these cases, enter an order requiring disclosure of parts of the Public Defender's files and counsel for the defendant and for the State disagree as to what parts of the files are governed by such an order, the Superior Court will be required to conduct an *in camera* inspection of those portions of the files as to which there is disagreement and determine whether they must be disclosed. *Cf. id.* at 128, 235 S.E.2d at 842 (*in camera* inspection and appropriate findings of fact required to determine if statement of material witness favorable to defense). If necessary, the Superior Court may order parts of the files sealed and placed in the record of the motion hearing for appellate review. *Id.*

### III.

[3] By another assignment of error, the defendant argues that the Superior Court erred in denying his motion for funds to employ an expert witness on North Carolina appellate practice to testify in support of his claim that he received ineffective assistance of counsel on his direct appeal of these cases. We do not agree.

We need not consider here whether the indigent defendant has any constitutional right to the assistance of an expert at State expense during a post-conviction proceeding. *But cf., Murray v. Giarrantano*, 492 U.S. - - -, 106 L. Ed. 2d 1 (1989) (no due process right to appointed counsel during post-conviction hearing); *Penn-*

STATE v. TAYLOR

[327 N.C. 147 (1990)]

*sylvania v. Finley,* 481 U.S. 551, 95 L. Ed. 2d 539 (1987) (same). Indigent defendants are entitled by statute to appointed counsel to represent them with regard to motions for appropriate relief. N.C.G.S. § 7A-451(a)(3) (1989). Further, N.C.G.S. § 7A-450(b) and § 7A-454 provide that indigent defendants are entitled to expert assistance at State expense in certain circumstances. The test for determining whether an indigent is entitled to the assistance of an expert at State expense is the same under these statutes as the test employed in cases in which similar assistance by an expert is sought as a matter of constitutional right at trial. *See State v. Moore,* 321 N.C. 327, 335-36, 364 S.E.2d 648, 652 (1988). An indigent defendant is entitled to such assistance at trial only if he makes a threshold showing of specific necessity for the assistance of the expert requested. *Id.* at 335, 364 S.E.2d at 652.

> In order to make a threshold showing of specific need for the expert sought, the defendant must demonstrate that: (1) he will be deprived of a fair trial [here deprived of a fair hearing on his motion for appropriate relief] without the expert assistance or (2) there is a reasonable likelihood that it will materially assist him in the preparation of his case.

*Id.* (citation omitted). We conclude that the defendant has failed to make such a threshold showing in these cases.

The defendant argues that the particular nature of his claim that he received ineffective assistance of counsel during his direct appeal reveals that an expert witness on North Carolina appellate practice will materially assist him in presenting this claim. He points out that a major portion of his claim that the Public Defender rendered him ineffective assistance on appeal relates to the manner in which the Public Defender presented and argued a number of matters that this Court concluded were error, but were either harmless error or waived. He asserts that this Court's decisions on those issues were based on erroneous statements of the facts, which resulted from the Public Defender's failure to include relevant parts of the transcript and from her inadequate presentation of facts surrounding particular issues. He contends that these problems were caused in part by the fact that the Public Defender presented sixty-two assignments of error on direct appeal, which he says were repetitious, inadequately explained or confusing. Therefore, the defendant specifically argues that:

**STATE v. TAYLOR**

[327 N.C. 147 (1990)]

In a case raising this kind of claim of ineffective assistance, expert testimony as to the manner in which a reasonably effective lawyer should prepare a narrated record containing everything relevant to the assigned errors, the manner in which a reasonably effective lawyer should prepare a brief that presents both the claims of error and the potential significance of that error to the outcome of the trial, and the specific manner in which defendant's counsel failed to present his assigned errors in a manner which would allow this Court to understand their real significance and to rule on them with an accurate understanding of the trial court proceedings would be helpful to the resolution of this claim.

Based on such reasoning, the defendant argues that there is a reasonable likelihood that the assistance of the requested expert will materially assist him in preparing to present his motion for appropriate relief, and that he will be deprived of a fair hearing without the expert assistance. We do not agree.

Mr. Glover, the defendant's current counsel, has demonstrated in his brief on behalf of the defendant in these cases, as well as in his presentation of this issue for the defendant in the amended motion for appropriate relief, that he possesses a thorough knowledge of the standards and intricacies of North Carolina appellate practice. His arguments on behalf of the defendant concerning this assignment clearly demonstrate a high degree of expertise in presenting and explaining such issues and a thorough familiarity with the factual details of these cases, as well as complete familiarity with the manner in which those facts were presented and argued during the direct appeal. Further, we doubt that an expert witness would be of any real help to the Superior Court or this Court in deciding whether ineffectiveness of counsel on the direct appeal of these cases led this Court into either factual or legal error. This being so, we simply cannot conclude either that the defendant will be deprived of a fair hearing and ruling on his motion for appropriate relief without the assistance of the expert requested, or that there is a reasonable likelihood that such an expert would materially assist him in the preparation or presentation of his claim of ineffective assistance of counsel during the direct appeal. Therefore, we conclude that the trial court did not err in that part of its order denying the defendant's motion for the appointment of such an expert.

STATE v. TAYLOR

[327 N.C. 147 (1990)]

IV.

For the foregoing reasons, we conclude that the part of the Superior Court's order requiring that the State be given access to all of the files of the Public Defender's Office concerning these cases was overbroad, as it exceeded the scope of the defendant's waiver of his attorney-client privilege and work product privilege in connection with these cases; that part of the order of the Superior Court is vacated. We further conclude that the Superior Court did not err in that part of its order denying the defendant's motion for expert assistance at State expense, and we affirm that part of the order. These cases are remanded to the Superior Court, Cumberland County, for further proceedings consistent with this opinion.

Affirmed in part, vacated in part and remanded.

Justice MEYER dissenting in part.

The majority today holds that because the order of the superior court directed defendant to provide the State access to "all files relating to these cases" without limiting the ordered disclosure to matters relevant to issues raised by defendant's allegations of ineffective assistance of counsel, such order was overbroad and exceeded its authority. I respectfully dissent because I am convinced that when a defendant attacks his conviction on the ground of ineffective assistance of his counsel, the State is entitled to review that attorney's entire file in order to ascertain whether that counsel covered all reasonable bases and rendered effective assistance.

In this case, defendant contended he was denied a fair sentencing hearing due to the ineffectiveness of his counsel. His contentions regarded prior crimes committed by defendant many years before the murder and during the course of a crime spree leading up to the murder for which he was being tried. In particular, defendant alleged that his trial counsel (1) failed to investigate the other crimes, (2) failed to cross-examine witnesses to these crimes, and (3) offered no rebuttal evidence concerning these witnesses and crimes.

Defendant additionally set forth the following allegations of ineffective assistance with regard to his counsel's preparation of his appeal:

STATE v. TAYLOR

[327 N.C. 147 (1990)]

1. the failure to raise on direct appeal certain issues and claims set forth in the amended motion for appropriate relief;

2. the omission of certain portions of the events at trial from the record on appeal, in particular, the jury conference and the closing arguments during the penalty phase;

3. the failure to organize the sixty-two assignments of error in the brief on direct appeal, which resulted in a confusing presentation of the claims presented to the appellate court;

4. the failure to provide an adequate statement of the facts or to relate the arguments to the specific facts of the case;

5. the failure to argue specific prejudices to the defendant in the context of the assigned errors, in light of the evidence and events that occurred at trial; and

6. the failure to submit a record and brief adequate to give the court a full understanding of the significance of the errors assigned.

In *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674 (1984), the United States Supreme Court enunciated the test to be utilized in determining whether a defendant has established that his counsel was ineffective. In order to prevail on such a claim, a defendant must prove (1) that his counsel's performance was defective, and (2) that the deficient performance prejudiced the defense. This test has been adopted in North Carolina. *State v. Braswell*, 312 N.C. 553, 324 S.E.2d 241 (1985). Because the test incorporates the element of prejudice, it is necessary to view the strategic decisions of counsel in the context of the entire trial. Counsel's performance must be judged "according to the circumstances of each case." *Whitley v. Bair*, 802 F.2d 1487, 1496 (4th Cir. 1986), *cert. denied*, 480 U.S. 951, 94 L. Ed. 2d 802 (1987). An attorney's actions are often based upon information from his client, and this information forms the basis of counsel's strategic choices. When a client gives his counsel reason to believe pursuing a certain line of investigation would be fruitless or harmful, counsel's failure to pursue this investigation may not later be challenged as unreasonable. *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674; *Clanton v. Bair*, 826 F.2d 1354 (4th Cir. 1987), *cert. denied*, 484 U.S. 1036, 98 L. Ed. 2d 779 (1988). For these reasons, the State must know the extent of defense counsel's investigation in order to learn what she knew about defendant's alleged prior

STATE v. TAYLOR

[327 N.C. 147 (1990)]

crimes and whether there were tactical reasons for failing to investigate further. Counsel's alleged failure to investigate and her failure to raise certain issues on appeal were the result of strategic decisions which were not made in a vacuum. Access to counsel's work product is necessary for a proper understanding of defendant's allegations, and it can only be obtained in the proper context through a review of the entire file.

This Court has never addressed the extent of the waiver of the attorney-client privilege on an ineffective assistance motion before today. My review of the relevant decisions of the Court of Appeals and of decisions handed down in other jurisdictions, however, convinces me that when a client alleges incompetent or ineffective performance on the part of his counsel, such an allegation serves to abrogate the privilege previously existing between them.

The majority relies on the two decisions handed down by our Court of Appeals on this issue, *State v. Battle*, 8 N.C. App. 192, 174 S.E.2d 299 (1970), and *State v. White*, 1 N.C. App. 219, 161 S.E.2d 32 (1968), in making its assertion that the waiver of the attorney-client privilege in this situation is a limited waiver. My reading of these two cases, however, leads me to believe that these holdings were not intended to impose a limitation upon the waiver, but were rather an invitation for the attorney to disclose any and all information relevant to his defense, to the extent necessary to defend his rights. In a case such as the one at bar, where defendant is asserting a general failure of his counsel to perform a wide range of duties, it is necessary to review the entire file in order to permit counsel to defend against such a claim. I do not read *Battle* and *White* as decisions which limit this judge's ability to order such a result. In fact, the Court of Appeals held in *White* that "[i]n a determination by the court as to whether the confession or inculpatory statement of the defendant was a substantial factor in his decision to plead guilty, based upon recommendations by his attorney testified to by the defendant, the State is entitled to have the court consider *full disclosures* by defendant's attorney of conversations had between him and his client." *White*, 1 N.C. App. at 222-23, 161 S.E.2d at 34 (emphasis added).

Holdings in other jurisdictions, both on the federal and state levels, support this view. Particularly instructive is *Harris v. Comm.*, 688 S.W.2d 338 (Ky. Ct. App. 1984), *cert. denied*, 474 U.S. 842,

88 L. Ed. 2d 104 (1985), in which the Kentucky Court of Appeals held that when ineffective assistance of counsel is raised via a motion to vacate, set aside, or correct a sentence, the attorney-client privilege is lost. The court reasoned that only when all aspects of the relationship are explored can it be determined whether counsel was reasonably likely to render effective assistance. The court further held that all contact between a party and his counsel in his professional capacity must be deemed to be in anticipation of litigation or in furtherance of legal services being offered, thus eliminating the need for dividing the contact into privileged and nonprivileged categories.

In *Morris v. Kemp*, 809 F.2d 1499 (11th Cir.), *cert. denied*, 482 U.S. 907, 96 L. Ed. 2d 378 (1987), in which the defendant appealed the district court's denial of his petition for a writ of habeas corpus, the court held that defendant committed a procedural default in failing to pursue his ineffective assistance claim in his first state habeas proceeding and was therefore barred from bringing his habeas claim in federal court. The court noted in its holding that defendant's habeas counsel asserted during the first proceeding that he was not making an ineffective assistance of counsel claim "and thus had not effected a general waiver of the attorney-client privilege." *Id.* at 1501. The court went on to say that such a claim *"would have waived the [attorney-client] privilege entirely."* *Id.* at 1502 (emphasis added).

The Fifth Circuit United States Court of Appeals discussed this issue at length in *United States v. Woodall*, 438 F.2d 1317 (5th Cir. 1970), *cert. denied*, 403 U.S. 933, 29 L. Ed. 2d 712 (1971). The defendant in that case sought to withdraw his guilty pleas on the basis that they were not intelligently made since he lacked knowledge of the sentencing consequences. Defendant had additionally filed an affidavit asserting that coercion existed which voided his plea changes by virtue of pre-plea advice he received from his original attorney. The court held that defendant had waived his right to claim privilege as to his entire conversation with the attorney. The court relied in part upon an early and often-cited opinion of the United States Supreme Court, *Hunt v. Blackburn*, 128 U.S. 464, 32 L. Ed. 488 (1888), which held that when one has entered upon such a line of defense, it constitutes a waiver of the right to bar the reception of evidence as privileged. In analyzing this issue, the court noted that waiver involves two basic elements:

The first is subjective—Does the person holding the right to claim the privilege intend to waive it? The second element is objective—Is it fair and consistent with the assertion of the claim or defense being made to allow the privilege to be invoked? This objective determination should be based upon whether the position taken by the party goes so far into the matter covered by the privilege that fairness requires the privilege shall cease even when, subjectively, he never intended that result.

*United States v. Woodall*, 438 F.2d at 1324.

The effectiveness of counsel's representation in this case depends upon many aspects of the preparation of the trial and appeal. Without access to the entire file, the State cannot adequately determine whether the representation was ineffective. It does not seem logical to permit defendant to control access to his prior attorney's file, either directly or through a sympathetic defense attorney. The rule should be, as Judge Hobgood found it, that the State is entitled to access to the entire file upon a defendant's allegation of ineffectiveness. Because I believe that Judge Hobgood did not err in entering his order, I respectfully dissent.