STATE OF NORTH CAROLINA v. GEORGE CALE BUCKNER

No. 444A93-2

(Filed 7 April 2000)

**1. Evidence— privileged communications—attorney-client— work product—waiver—allegations of ineffective assistance**

N.C.G.S. § 15A-1415(e) did not supersede the decision of *State v. Taylor*, 327 N.C. 147, that a defendant, by alleging ineffective assistance of counsel, waives the benefits of both the attorney-client and work product privileges with respect to matters relevant to his allegations of ineffective assistance.

**2. Discovery— ineffective assistance allegation—communications with counsel—statutory limitation—relevance**

While the phrase in N.C.G.S. § 15A-1415(e) "to the extent the defendant's prior counsel reasonably believes such communications are necessary to defend against the allegations of ineffectiveness" is intended as some limitation on the information which the defendant is required to make available, the clear intent and purpose of the statute permit only a limitation of discovery to relevance.

**3. Evidence— privileged communications—attorney-client— work product—waiver—allegations of ineffective assistance**

Defendant's broad-based claims of ineffective assistance of counsel which encompass almost every aspect of his capital trial and sentencing proceeding involve each counsel's thoughts and, therefore, include defendant's and trial counsel's notes, documents, paperwork, work product, communications (both oral and written), frame of mind, trial decisions and strategy, along with defendant's and trial counsel's responses to one another; by attacking the competency of his trial counsel, defendant waived the attorney-client and work product privileges as to such communications and work product relevant to the allegations of ineffective assistance.

**4. Discovery— ineffective assistance allegation—communications with counsel—work product—statutory language— inherent power of court**

When enacting N.C.G.S. § 15A-1415(e), the legislature could not have intended for the phrase "to the extent the defendant's prior counsel reasonably believes such communications are nec-

essary to defend against the allegations of ineffectiveness" to mean that trial counsel should be the only one to control discovery by determining the extent of discovery or acting as the gatekeeper of discovery, since such an intent would be contrary to the purpose of the statute. Determining the extent of discovery is ultimately for the court to decide pursuant to its inherent power.

### 5. Discovery— post-trial motion—inherent power of court

The superior court has the inherent power to compel disclosure of relevant facts regarding a post-trial motion for appropriate relief.

### 6. Discovery— ineffective assistance allegation—communications with counsel—production of documents—inherent power of court

Because the State could have issued a subpeona to compel disclosure by defendant's trial counsel or the production of documentary evidence relevant to defendant's allegations of ineffective assistance of counsel, the superior court has the inherent power to order disclosure by defendant's trial counsel prior to a hearing on defendant's motion for appropriate relief. The court should determine if ordering disclosure on the merits of a defendant's motion for appropriate relief will significantly assist in the search for truth; if the court orders disclosure and there is disagreement about whether the order covers certain questionable documents or communications, the court must conduct an in camera review to determine the extent of the order as to those documents or communications.

### 7. Discovery— ineffective assistance allegation—State's motion—duties of court on remand

On remand of the State's motion for discovery in response to defendant's motion for appropriate relief alleging that trial counsel rendered ineffective assistance at both the guilt and sentencing phases of defendant's capital trial, the superior court should take evidence, make findings of fact and conclusions of law, and order review of all files and oral thought patterns of trial counsel and client that are determined to be relevant to defendant's allegations of ineffective assistance.

### 8. Discovery— ex parte interview—inappropriate order

It was improper for the superior court to require defendant's trial counsel to submit to an ex parte interview by the prosecutor

in its order granting the State's motion for discovery in response to defendant's motion for appropriate relief alleging ineffective assistance of counsel. However, the superior court could order trial counsel to answer questions to reveal relevant information concerning defendant's motion for appropriate relief, order that a deposition of trial counsel be taken with both parties present, or order any other formal discovery appropriate to reveal relevant information.

Chief Justice FRYE concurs in the result.

On writ of certiorari pursuant to N.C.G.S. § 7A-32(b) to review an order signed 3 November 1998 by Baker, J., in Superior Court, Gaston County, granting the State's motion for discovery under N.C.G.S. § 15A-1415(e). Heard in the Supreme Court 14 December 1999.

*Michael F. Easley, Attorney General, by John H. Watters, Special Deputy Attorney General, for the State.*

*E. Fitzgerald Parnell, III, and Joseph E. Zeszotarski, Jr., for defendant-appellant.*

*Center for Death Penalty Litigation, by Kenneth J. Rose, on behalf of the North Carolina Academy of Trial Lawyers and the National Association of Criminal Defense Lawyers, amici curiae.*

WAINWRIGHT, Justice.

In September 1993, defendant George Cale Buckner was tried on charges of first-degree murder, robbery with a dangerous weapon, conspiracy to commit robbery with a dangerous weapon, felonious larceny, and felonious possession of stolen goods. On 20 September 1993, the jury returned verdicts of guilty as to all counts. The jury recommended the death penalty.

On 8 October 1993, the trial court sentenced defendant to death for first-degree murder and to consecutive terms of imprisonment of forty years for robbery with a dangerous weapon, ten years for conspiracy to commit robbery with a dangerous weapon, and ten years for felonious larceny. On 8 December 1995, this Court found no error as to the convictions of first-degree murder, conspiracy to commit robbery with a dangerous weapon, and robbery with a dangerous weapon, but arrested judgment on the conviction of felonious lar-

STATE v. BUCKNER

[351 N.C. 401 (2000)]

ceny. *See State v. Buckner*, 342 N.C. 198, 464 S.E.2d 414 (1995), *cert. denied*, 519 U.S. 828, 136 L. Ed. 2d 47 (1996).

On 5 August 1997, post-conviction counsel for defendant filed a motion for appropriate relief alleging that trial counsel rendered ineffective assistance of counsel at *both* the guilt *and* sentencing phases of defendant's capital trial. Defendant alleged he received ineffective assistance by trial counsel's:

1. "failure to *discover* and present evidence tending to *prove another* committed the murder";

2. "failure to *adequately warn* Defendant of the consequences of his taking the witness stand and . . . failure to object to the prosecutor's *alleged improper* closing argument and the trial court's *inadequate curative instruction*";

3. "failure to *adequately inform* Defendant about the prosecution's *subjecting him* to cross-examination about his prior criminal record";

4. "failure to *properly prepare* Defendant for cross-examination concerning the *type of speedometer* in the get-away vehicle";

5. "ineffective[ness] by virtue of his *failing to demand* Defendant be present at all stages of his trial";

6. "ineffective[ness] for *stipulating* to Defendant's prior common law robbery and for *failing to present* rebuttal evidence";

7. "ineffective[ness] in *developing* sufficient evidence *in support of* the mitigating circumstances presented to the jury";

8. "ineffective[ness] for failing to *sufficiently investigate* and present evidence of *other* mitigating circumstances";

9. "ineffective[ness] in failing to present evidence upon which a jury could find Defendant's criminal history was *not significant*"; and

10. "ineffective[ness] in *failing to request* peremptory instructions on non-statutory mitigating circumstances."

(Emphasis added.)

In response to defendant's motion for appropriate relief, the State requested, by way of a motion for discovery, "access to and copies of all notes, documents, communications or work product touching

directly or indirectly on the issues enumerated [in defendant's motion for appropriate relief] and the investigation, preparation for trial, tactical decisions, and strategy relevant to Defendant's allegations of ineffective assistance of counsel."

Post-conviction counsel provided the State with copies of written correspondence between trial counsel and defendant. Defendant's trial counsel, however, refused to speak to the State and filed an affidavit stating he was ineffective and was the attorney primarily responsible for investigation, preparation, and presentation of the mitigation evidence at sentencing. No summaries of any oral communications between trial counsel and defendant were provided to the State.

After considering the oral arguments of the parties, the evidence of record, and the parties' submitted written arguments, the superior court entered an order on 3 November 1998 granting the State's motion for discovery. The superior court made, *inter alia*, the following findings of fact:

5. Counsel for the State made several inquiries concerning discovery necessary to represent the interest of the State in defending against the allegations of ineffective assistance of counsel.

6. Post-conviction counsel for [defendant], provided copies of correspondence between the defense attorneys at trial and the defendant.

7. Access to any other material related to the issues of ineffective assistance of counsel has been denied the State's attorney.

8. The State, on September 28, 1998, formally filed its Discovery Motion and requested access to and copies of all notes, documents, communications, or work product touching directly or indirectly on the issues alleging ineffective assistance of counsel. The State also asks the right to interview trial counsel to glean the substance of any oral communications relevant to the allegations of ineffective assistance of counsel.

The superior court then concluded as a matter of law:

1. As to those issues alleging ineffective assistance of counsel, [defendant] has waived the attorney/client privilege and any privilege having to do with work product related to those issues.

2. The waiver of the attorney/client privilege was automatic upon the filing of the allegations of ineffective assistance of counsel, as it related to both oral and written communications between [defendant] and his trial counsel. N.C.G.S. § 15A-1415(e). *State v. Taylor*, 327 N.C. 147, 393 S.E.2d 801 (1990)[,] provides the [court] with the inherent power to determine that work product related to the issues alleging ineffective assistance of counsel be waived.

3. Nothing in the passage of N.C.G.S. § 15A-1415(e) limits the inherent authority of this court to determine a waiver of attorney/client privilege or that of work product privilege.

The superior court's order stated the State's attorney was to be provided access to and copies of all notes, documents, communications, or work product touching directly or indirectly on the allegations of ineffective assistance of counsel enumerated in defendant's motion for appropriate relief. Additionally, the superior court ordered that the State's attorney have the right to interview trial counsel to learn of any oral communications relevant to the trial investigation and preparation, tactical decisions, or strategy relevant to defendant's allegations of ineffective assistance of counsel.

On 22 July 1999, this Court allowed defendant's petition for writ of certiorari to review the superior court's order.

Defendant argues the superior court erred as a matter of law in failing to recognize the effect of the legislature's enactment of N.C.G.S. § 15A-1415(e) by not applying the statutory language, and in acting without authority in ordering trial counsel to submit to an interview.

First, we address defendant's argument that the superior court's order failed to recognize the effect of the legislature's enactment of N.C.G.S. § 15A-1415(e) by not applying the statutory language. In 1996, the legislature enacted "An Act to Expedite the Postconviction Process in North Carolina," ch. 719, 1995 N.C. Sess. Laws 389, which added discovery provisions, including subsection (e), to N.C.G.S. § 15A-1415. Subsection (e) provides:

Where a defendant alleges ineffective assistance of prior trial or appellate counsel as a ground for the illegality of his conviction or sentence, he shall be deemed to *waive* the attorney-client privilege .with respect to both *oral and written communications*

between such counsel and the defendant to the extent the *defendant's prior counsel reasonably believes such communications are necessary to defend against the allegations of ineffectiveness*. This waiver of the attorney-client privilege shall be *automatic* upon the filing of the motion for appropriate relief alleging ineffective assistance of prior counsel, and the superior court need not enter an order waiving the privilege.

N.C.G.S. § 15A-1415(e) (1999) (emphasis added).

Specifically, defendant contends (1) N.C.G.S. § 15A-1415(e) supersedes and effectively overrules *State v. Taylor*, 327 N.C. 147, 393 S.E.2d 801, and sets out a specific, concrete set of discovery rules applicable to materials privileged between defendant and his trial counsel; (2) the statute invokes a stricter standard of permissible discovery than was previously imposed under the "relevance" standard of *Taylor* by limiting discovery to only "oral and written communications" between a defendant and trial counsel relevant to any ineffective assistance of counsel claims; (3) the superior court failed to follow N.C.G.S. § 15A-1415(e) when it ordered post-conviction discovery in the instant case; and (4) the required disclosure is further limited by the phrase "to the extent the defendant's prior counsel reasonably believes such communications are necessary to defend against the allegations of ineffectiveness." We disagree.

[1] At the time *Taylor* was decided, N.C.G.S. § 15A-1415 contained no discovery provisions. Defendant's contention that N.C.G.S. § 15A-1415(e) supersedes *Taylor* is misplaced. Except where inconsistent with this opinion, *Taylor* remains good law. In *Taylor*, the defendant's post-conviction counsel filed a motion for appropriate relief contending, *inter alia*, that trial counsel for the defendant rendered ineffective assistance in preparing and presenting both the defense at trial and the direct appeal. *Taylor*, 327 N.C. at 150, 393 S.E.2d at 804. The superior court ordered the defendant to give the State "access to . . . all files relating to these cases." *Id.* at 151, 393 S.E.2d at 804. This Court, however, held that a defendant waives the benefits of both the attorney-client and the work-product privileges by alleging ineffective assistance of counsel, "but *only* with respect to matters relevant to his allegations of ineffective assistance of counsel." *Id.* at 152, 393 S.E.2d at 805. The majority of this Court conceded that the defendant's waiver of privileges was broad, as pointed out in Justice Meyer's dissent, but nevertheless stated that "his waiver was not an unlimited waiver." *Id.* We concluded,

[a]s the order of the Superior Court directed the defendant to provide the State access to "all files relating to these cases" without limiting the ordered disclosure to matters relevant to issues raised by the defendant's allegations of ineffective assistance of counsel, the order of the Superior Court was overbroad and exceeded its authority.

*Id.* As a result, the State was permitted discovery of all materials that were in any way relevant to the ineffectiveness claims. *Id.*

In reviewing N.C.G.S. § 15A-1415(e), we recognize that when interpreting a statute, courts must look to the intent of the legislature. *State v. Tew,* 326 N.C. 732, 738, 392 S.E.2d 603, 607 (1990). If possible, a statute must be interpreted so as to give meaning to all its provisions. *State v. Bates,* 348 N.C. 29, 35, 497 S.E.2d 276, 279 (1998). "Individual expressions must be construed as a part of the composite whole and be accorded only that meaning which other modifying provisions and the clear intent and purpose of the act will permit." *Tew,* 326 N.C. at 739, 392 S.E.2d at 607.

The legislature enacted "An Act to Expedite the Postconviction Process in North Carolina" "in response to legislative concerns that the post-conviction process in capital cases appeared endless." *State v. Green,* 350 N.C. 400, 406, 514 S.E.2d 724, 728, *cert. denied,* —— U.S. ——, 144 L. Ed. 2d 840 (1999) (citing *Bates,* 348 N.C. 29, 497 S.E.2d 276). The amendments to N.C.G.S. § 15A-1415 evidence "an intent on the part of the General Assembly to expedite the post-conviction process in capital cases *while ensuring thorough and complete review." Bates,* 348 N.C. at 37, 497 S.E.2d at 280-81 (emphasis added).

The superior court in the instant case followed N.C.G.S. § 15A-1415(e) when it ordered discovery. We find our previous decision in *Bates,* which examined subsection (f), instructive to our analysis here. *Id.* at 29, 497 S.E.2d at 276. Subsection (e) mandates, in explicit language, that the defendant is deemed to have waived the attorney-client privilege; therefore, the clear language of this statute demands disclosure in post-conviction proceedings. *See id.* at 36, 497 S.E.2d at 280; N.C.G.S. § 15A-1415(e). In criminal cases, both the accused and the State have an interest in obtaining a fair and accurate resolution of the question of guilt or innocence. *Id.* at 37, 497 S.E.2d at 280. This interest " 'demand[s] that adequate safeguards assure the thorough preparation and presentation of each side of the case.' " *Id.* (quoting *United States v. Nobles,* 422 U.S. 225, 238, 45 L. Ed. 2d 141, 153 (1975)). In *Bates,* we noted that the statute contains

STATE v. BUCKNER

[351 N.C. 401 (2000)]

no express provision for withholding work product. *Id.* at 35, 497 S.E.2d at 279. Similarly, nothing in existing law prohibits disclosure to the State of defendant's oral and written communications, including work-product materials, upon defendant alleging ineffectiveness of counsel. We also stated in *Bates* that the interest of the State in protecting its work product once the case has reached post-conviction review is diminished. *Id.* at 37, 497 S.E.2d at 280. Consistent with the legislature's intent in N.C.G.S. § 15A-1415(e), this principle applies equally to a defendant.

[2] Subsection (e), being expeditious in nature, makes clear that a defendant shall be deemed to waive the attorney-client privilege automatically without the need of the superior court entering such an order. Defendant argues that the phrase "to the extent the defendant's prior counsel reasonably believes such communications are necessary to defend against the allegations of ineffectiveness" must limit the required disclosure. We agree that this language is intended as some limitation on the information which the defendant is required to make available. However, the clear intent and purpose of the Act permit only a limitation of discovery to relevance, consistent with *Taylor. See id.*

The objective and subjective mental processes of trial counsel and defendant are relevant, as they form the basis of trial counsel's choices, strategies, and approaches concerning the case. If something is reasonably necessary in defending against an ineffectiveness allegation pursuant to N.C.G.S. § 15A-1415(e), it would also be relevant under *Taylor*. If evidence is relevant to ineffectiveness, it may be "necessary" to defend against an ineffectiveness allegation. *See* N.C.G.S. § 15A-1415(e). Thus, *Taylor* is not superseded, as defendant argues, and discovery is not *per se* limited to merely "oral and written communications."

In *Taylor*, post-conviction counsel described the extent of the defendant's waiver of the attorney-client and work-product privileges by making specific allegations of trial counsel's ineffectiveness. In particular, defendant alleged that his trial counsel (1) failed to investigate the other crimes, (2) failed to cross-examine witnesses to these crimes, and (3) offered no rebuttal evidence concerning these witnesses and crimes. *Taylor*, 327 N.C. at 158, 393 S.E.2d at 809. Defendant additionally set forth certain allegations of ineffective assistance with regard to his prior counsel's preparation of his appeal. *Id.* at 155, 393 S.E.2d at 807. The post-conviction counsel fur-

ther identified in detail specific parts of the files in which the defendant had not waived limited privileges of confidentiality. *Id.* Thus, this Court ordered disclosure to matters relevant to the defendant's allegations. *Id.* at 152, 393 S.E.2d at 805.

[3] In the instant case, however, defendant's claims are numerous, broad-based, and encompass almost every aspect of the trial and sentencing proceeding. Defendant's allegations involve each counsel's thoughts and, therefore, include defendant's and trial counsel's notes, documents, paperwork, work product, communications (both oral and written), frame of mind, trial decisions and strategy, along with defendant's and trial counsel's responses to one another. By attacking the competency of his trial counsel, defendant has waived the attorney-client and work-product privileges as to privileged communications and work product relevant to the allegations of ineffective assistance of counsel. *See id.* Defendant has raised these broad-based allegations and cannot be allowed to use them as a sword and simultaneously use the attorney-client and work-product privileges as a shield.

[4] Moreover, when enacting subsection (e), it is clear the legislature anticipated trial counsel would be cooperative and willing to defend their work and reputation against allegations of ineffectiveness. However, as in the instant case, it is reasonable to believe that, on occasion, trial counsel will continue to defend his/her client regardless of personal attacks. As previously noted, defendant argues the phrase "to the extent the defendant's prior counsel reasonably believes such communications are necessary to defend against the allegations of ineffectiveness" limits the required disclosure. The legislature could not have intended that trial counsel should be the only one to control discovery by determining the extent of discovery or acting as the gatekeeper of discovery. Such an intention would be contrary to the purpose of the statute. Determining the extent of discovery is ultimately for the court to decide pursuant to its inherent power.

[5] This Court in *Taylor* affirmed the "inherent power" of the superior court to order discovery in its discretion, to assure justice in criminal cases. *Taylor*, 327 N.C. at 153, 393 S.E.2d at 806 (citing *State v. Hardy*, 293 N.C. 105, 124, 235 S.E.2d 828, 840 (1977)). In *Taylor*, we stated:

"At trial the major concern is the 'search for truth' as it is revealed through the presentation and development of all rele-

vant facts. To ensure that truth is ascertained and justice served, the judiciary must have the power to compel the disclosure of relevant facts, not otherwise privileged, within the framework of the rules of evidence."

*Id.* at 154, 393 S.E.2d at 806 (quoting *Hardy*, 293 N.C. at 125, 235 S.E.2d at 840). This reasoning led us to conclude that "our judiciary also *must and does have the inherent power to compel disclosure of relevant facts regarding a post-trial motion* and may order such disclosure prior to a hearing on such motion." *Id.* (emphasis added).

Inherent power is that which a court necessarily possesses irrespective of constitutional provisions. *In re Alamance County Ct. Facils.*, 329 N.C. 84, 93, 405 S.E.2d 125, 129 (1991). Such power may not be abridged by the legislature and is essential to the court's existence and the orderly and efficient administration of justice. *Id.* Through its inherent powers, a court has the " 'authority to do all things that are reasonably necessary for the proper administration of justice.' " *Id.* at 94, 405 S.E.2d at 129 (quoting *Beard v. N.C. State Bar*, 320 N.C. 126, 129, 357 S.E.2d 694, 696 (1987)); *see also Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 562-63 (3d. Cir. 1985) (holding that the United States Supreme Court viewed inherent power as fundamental to the administration of justice and the functioning of the judiciary); Felix F. Stumpf, *Inherent Powers of the Courts* 37-38 (1994) (inherent power covers powers thought essential to the existence, dignity, and functions of the court, or for an orderly, efficient and effective administration of justice). A court uses its inherent power when constitutional provisions, statutes, or court rules fail to supply answers to problems or when courts find themselves compelled to provide solutions that enable the litigative process to proceed smoothly. Stumpf, *Inherent Powers of the Courts* 37-38. Our courts have the "inherent power to order discovery in furtherance of criminal investigation." *In re Super. Ct. Order Dated April 8, 1983*, 315 N.C. 378, 379, 338 S.E.2d 307, 308 (1986).

[6] Because the State could have issued a subpoena to compel disclosure by defendant's trial counsel or the production of documentary evidence, the superior court has the inherent power to order disclosure by defendant's trial counsel prior to a hearing on defendant's motion for appropriate relief. *See Taylor*, 327 N.C. at 154, 393 S.E.2d at 806. Superior courts should determine if ordering disclosure on the merits of a defendant's motion for appropriate relief will significantly assist in the search for truth. If the superior court orders

disclosure, and there is disagreement about whether the order covers certain questionable documents or communications, the superior court must conduct an *in camera* review to determine the extent of the order as to those documents or communications. *See id.* at 155, 393 S.E.2d at 807.

**[7]** To defend against ineffective assistance of counsel allegations, the State must rely on information provided by defendant to trial counsel, as well as defendant's thoughts, concerns, and demeanor. *See id.* at 159, 393 S.E.2d at 809 (Meyer, J., dissenting). "[O]nly when all aspects of the relationship are explored can it be determined whether counsel was reasonably likely to render effective assistance." *Id.* at 161, 393 S.E.2d at 810 (Meyer, J., dissenting) (citing *Harris v. Commonwealth*, 688 S.W.2d 338 (Ky. Ct. App. 1984), *cert. denied*, 474 U.S. 842, 88 L. Ed. 2d 104 (1985)). Thus, superior courts should assess the allegations in light of all the circumstances known to counsel at the time of the representation. *Id.* (noting that the performance of trial counsel must be analyzed according to the circumstances of each particular case); *see also Strickland v. Washington*, 466 U.S. 668, 693, 80 L. Ed. 2d 674, 697 (1984) (holding that "an act or omission that is unprofessional in one case may be sound or even brilliant [trial strategy] in another"). On remand of this case, the superior court should take evidence, make findings of fact and conclusions of law, and order review of all files and oral thought patterns of trial counsel and client that are determined to be relevant to defendant's allegations of ineffective assistance of counsel.

**[8]** We now address defendant's argument that the trial court erred in ordering defendant's trial counsel to submit to an *ex parte* interview. Defendant contends the superior court was without authority to order such an interview. We agree. It was improper for the superior court to order an *ex parte* interview. However, the superior court may order trial counsel to answer questions to reveal relevant information concerning defendant's motion for appropriate relief, order that a deposition of trial counsel be taken with both parties present, or order any other formal discovery appropriate to reveal relevant information.

Based on the foregoing, we affirm the superior court's order as to its authority to determine the extent of discovery; to order relevant discovery based on the allegations; and to conduct *in camera* review, if necessary, to resolve any disagreements. However, that part of the superior court's order requiring that the State's attorney have the

right to interview defendant's trial counsel *ex parte* is vacated. On remand of the instant case, the superior court shall take evidence and (1) make appropriate findings of fact and conclusions of law concerning which materials are relevant; (2) order disclosure of all relevant materials; and (3) in addition, order any hearing, deposition, or other formal discovery necessary to reveal trial counsel's tactical decisions and strategy, including but not limited to their opinions, thoughts, and oral communications, which are relevant to the allegations of ineffectiveness.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

Chief Justice FRYE concurs in the result.