STATE OF NORTH CAROLINA
v.
ANDRE PERTILLER
No. COA09-88
Court of Appeals of North Carolina
Filed October 6, 2009
This case not for publication
Attorney General Roy Cooper, III, by Assistant Attorney General Scott Stroud, for the State.
David G. Belser for, defendant-appellant.
ROBERT C. HUNTER, Judge.
On 13 March 2008, Andre Pertiller ("defendant") was convicted of: 1) felony possession of cocaine; 2) possession of drug paraphernalia; and 3) attaining the status of habitual felon. He was sentenced to 151 to 191 months imprisonment. Defendant appeals, alleging ineffective assistance of counsel. After careful review, we dismiss this appeal without prejudice in order for defendant to file a motion for appropriate relief in the trial court.

Background
The State's evidence tended to show that on 22 August 2007, at approximately 10:30 p.m., Corporal Jason Summey ("Corporal Summey") of the Buncombe County Sheriff's Office saw Ulesis Wagner ("Wagner") driving a pick-up truck with two passengers. Corporal Summey was aware that Wagner's driver's license had been revoked. He began following Wagner and confirmed that his license was still revoked. Corporal Summey then activated his blue lights and pulled over the vehicle. When he approached the vehicle, Corporal Summey recognized the other occupants as Pete Pertiller ("Pete") and defendant. Corporal Summey asked Wagner if there was anything illegal in the vehicle and Wagner stated that there was not. Corporal Summey then obtained permission to search the vehicle from Wagner, the driver, and Pete, the record owner.
Wagner exited the vehicle and Corporal Summey conducted a frisk "[a]s a security check for weapons, being the time of night and the area we were in." Pete then exited the vehicle and Corporal Summey frisked him as well. Deputy Brian Edwards ("Deputy Edwards"), who was on patrol with Corporal Summey at the time, asked defendant to get out of the vehicle so it could be searched. He then led defendant to the back of the vehicle where defendant placed his hands on the "tailgate" and Deputy Edwards conducted a frisk. During the frisk of defendant, a contact lens case fell from defendant's person to the ground. Deputy Edwards picked up the case, but then dropped it. Defendant put his foot over the case and then picked it up and placed it in the bed of the truck while Deputy Edwards completed the frisk.
Officer Chris Stanton ("Officer Stanton") arrived at the scene during the frisk and saw defendant retrieve the contact lens case from the ground. After the frisk was over, Officer Stanton approached defendant and asked him to open the case. Defendant opened the case, which contained what appeared to be two rocks of cocaine. Defendant threw the rocks out of the case and had to be restrained by the officers due to a violent outburst. After finding the rocks, Corporal Summey conducted a field test, which revealed that the substance was cocaine. The officers then searched the vehicle and found a glass pipe, which the officers recognized as one typically used to smoke cocaine, under the floor mat of the passenger side of the vehicle where defendant had been sitting. Defendant was then arrested for possession of cocaine and drug paraphernalia.

Analysis
Defendant's sole argument on appeal is that he received ineffective assistance of counsel ("IAC") because his trial attorney failed to make a pretrial motion to suppress the State's evidence. Defendant claims that the motion would have been granted because the officers in this case violated his Fourth Amendment rights by conducting an illegal search and seizure. Specifically, defendant argues that the officers lacked reasonable suspicion to conduct a Terry frisk and the discovery of the contact lens case containing the cocaine was the fruit of that illegal frisk. We do not reach the merits of defendant's claim for reasons discussed infra.
Our Supreme Court has determined that
[t]o successfully assert an ineffective assistance of counsel claim, defendant must satisfy a two-prong test. First, he must show that counsel's performance fell below an objective standard of reasonableness. Second, once defendant satisfies the first prong, he must show that the error committed was so serious that a reasonable probability exists that the trial result would have been different.
State v. Gainey, 355 N.C. 73, 112, 558 S.E.2d 463, 488, cert. denied, 537 U.S. 896, 154 L. Ed. 2d 165 (2002) (citations omitted).
"In general, claims of ineffective assistance of counsel should be considered through motions for appropriate relief and not on direct appeal." State v. Stroud, 147 N.C. App. 549, 553, 557 S.E.2d 544, 547 (2001), cert. denied, 356 N.C. 623, 575 S.E.2d 758 (2002); see also State v. Dockery, 78 N.C. App. 190, 192, 336 S.E.2d 719, 721 (1985) ("The accepted practice is to raise claims of ineffective assistance of counsel in post-conviction proceedings, rather than direct appeal."). Our Supreme Court has aptly stated the reasoning behind this general rule:
To defend against ineffective assistance of counsel allegations, the State must rely on information provided by defendant to trial counsel, as well as defendant's thoughts, concerns, and demeanor. "[O]nly when all aspects of the relationship are explored can it be determined whether counsel was reasonably likely to render effective assistance." Thus, superior courts should assess the allegations in light of all the circumstances known to counsel at the time of the representation. State v. Buckner, 351 N.C. 401, 412, 527 S.E.2d 307, 314 (2000) (quoting State v. Taylor, 327 N.C. 147, 161, 393 S.E.2d 801, 810 (1990) (Meyer, J., dissenting)).
However, "IAC claims brought on direct review will be decided on the merits when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing." State v. Fair, 354 N.C. 131, 166, 557 S.E.2d 500, 524 (2001), cert. denied, 535 U.S. 1114, 153 L. Ed. 2d 162 (2002). "[S]hould the reviewing court determine that IAC claims have been prematurely asserted on direct appeal, it shall dismiss those claims without prejudice to the defendant's right to reassert them during a subsequent MAR proceeding." Id. at 167, 557 S.E.2d at 525.
In the present case, we find that the cold record before us is insufficient to properly rule on defendant's IAC claim. First, the record does not reveal "all the circumstances known to counsel at the time of the representation." Buckner, 351 N.C. at 412, 527 S.E.2d at 314. Without an evidentiary hearing, we cannot presume to know why defense counsel did not seek to suppress the evidence, and therefore we cannot conclude whether his actions fell below an objective standard of reasonableness. See State v. Parmaei, 180 N.C. App. 179, 186, 636 S.E.2d 322, 326 (2006) (holding that "[t]he transcripts and record are insufficient for us to determine whether defense counsel's actions resulted from trial tactics and strategy or from a lack of preparation or an unfamiliarity with the legal issues"), disc. review denied, 361 N.C. 366, 646 S.E.2d 537 (2007).
Second, in order to determine whether defendant was prejudiced by the alleged ineffective assistance of counsel, we must decide what the trial court would have done had the motion to suppress been made. As defendant properly asserts, such a determination hinges on whether the officers had a reasonable suspicion to conduct the frisk. Based on the trial transcript, we cannot ascertain whether the circumstances gave rise to a reasonable suspicion for the frisk. The officers' testimony at trial focused on the linear events that led to the finding of cocaine and drug paraphernalia, not on the facts and circumstances that led them to believe a frisk was necessary. While Corporal Summey did state that he conducted the frisk of Wagner "[a]s a security check for weapons, being the time of night and the area we were in[,]" this statement is not sufficient for this Court to conclude that there was or was not reasonable suspicion to frisk defendant.
In sum, we conclude that defendant's IAC claim has been prematurely asserted on direct appeal. Accordingly, we dismiss this case without prejudice for defendant to make a motion for appropriate relief in the trial court.
Dismissed.
Judges STEELMAN and GEER concur.
Report per Rule 30(e).