An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 15-98

Filed: 6 October 2015

Wilkes County, No. 12CRS 53547, 13CRS 592

STATE OF NORTH CAROLINA,

      v.

DAVID ELI LAYNE, JR., Defendant.

Appeal by Defendant from judgments entered 25 July 2014 by Judge Edgar B. Gregory in Wilkes County Superior Court. Heard in the Court of Appeals 12 August 2015.

> *Attorney General Roy A. Cooper, III, by Assistant Attorney General Kenneth A. Sack, for the State.*

> *Marie H. Mobley, for the Defendant-Appellant.*

DILLON, Judge.

David Eli Layne, Jr. ("Defendant") appeals from judgments convicting him of felonious breaking or entering and felonious larceny after breaking or entering. For the following reasons, we find no error in part, and dismiss in part.

I. Background

In September 2012, Hohn and Helen Church discovered that someone had broken into their home and stolen several items including a large sum of cash money. Defendant was subsequently indicted on charges of felony breaking or entering and

larceny after breaking or entering in connection with the break-in. Defendant was convicted of both charges by a jury. Defendant appeals.

## II. Analysis

On appeal, Defendant argues that (1) the trial court erred in denying his motion to dismiss at the close of the state's case and at the close of all evidence and (2) he received ineffective assistance of counsel. We address each argument in turn.

### A. Motion to Dismiss

In Defendant's first argument, he contends that there was insufficient evidence offered by the State to convict him of the charges. We disagree.

A motion to dismiss is properly denied if there is "substantial evidence" of each essential element of the offense charged and of the defendant being the perpetrator of the offense. *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000). Substantial evidence is the "amount of relevant evidence necessary to persuade a rational juror to accept a conclusion." *State v. Mann*, 355 N.C. 294, 301, 560 S.E.2d 776, 781 (2002).

In considering challenges to the sufficiency of evidence, reviewing courts must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences. *Fritsch*, 351 N.C. at 378-79, 526 S.E.2d at 455. Additionally, the trial court must only determine that the evidence is sufficient to

take the case to the jury; "it need not be concerned with the weight of that evidence." *State v. Franklin*, 327 N.C. 162, 171, 393 S.E.2d 781, 787 (1990).

Here, Defendant does *not* contend that the State failed to prove the elements of each crime, but rather he contends that the State failed to put forth sufficient evidence to show that he was the perpetrator. After careful review of the record, we hold that the State did produce sufficient evidence through the testimony of a number of witnesses that Defendant was a principal in the commission of the crimes.

One of Defendant's friends, a Mr. Moore, testified that he noticed that Defendant had new electronic goods, including televisions and computers. Mr. Moore testified that Defendant told him the electronic goods were purchased with money stolen from the Church residence, that Defendant drove with another individual named Mr. Vick to the residence, that Defendant dropped off Mr. Vick who proceeded to break into the residence, that Mr. Vick stole approximately $20,000 from the Church residence, that Defendant drove away from the residence with Mr. Vick, and that Defendant and Mr. Vick shared the money equally.

Mr. and Mrs. Church testified that they discovered their basement door had been badly damaged and would not shut and that approximately $20,000 in cash, consisting of $100 and $20 bills wrapped in rubber bands, had been taken along with other items of personal property.

An employee of a cabinet business owned by Mr. and Mrs. Church's son, located "a stone's throw" from the Church home, testified at trial. This employee stated that near the time of the break-in, Defendant came into the business to inquire about purchasing cabinets. When told that the owner was not currently at the shop, Defendant went back into his car, waited a few minutes, and then drove away.

An employee of a large electronic retailer testified that shortly after the time of the break-in, Defendant purchased Apple computers, televisions, and other electronic gear, spending over $5,000. She testified that Defendant was accompanied by several other individuals, and that the group paid for the items with $100 bills wrapped in rubber bands as well as some $20 bills. A police detective testified that he saw a video from the store's surveillance cameras which showed Defendant, Mr. Vick, and another individual in the store on the day of the break-in.

Under the applicable standard of review, we hold that when viewed in the light most favorable to the State, substantial evidence existed from which the jury could infer that Defendant was guilty of both crimes charged. Although Defendant did not *personally* break into the Church residence and take the property, there was evidence from which a reasonable juror could conclude that he acted in concert with Mr. Vick. *State v. Garcia*, 174 N.C. App. 498, 503, 621 S.E.2d 292, 296 (2005) (holding that "under the acting in concert theory, if a defendant joins another person 'in a purpose to commit a crime, each of them, if actually or constructively present, is . . . guilty as

a principal if the other commits that particular crime'"). Specifically, it could be inferred from the State's evidence that Defendant was at or near the Church residence at all times of the break-in and that he offered actual assistance in transporting Mr. Vick to the Church home and providing for Mr. Vick's getaway.

Defendant makes an argument regarding perceived weaknesses in the State's case. For example, Defendant points to inconsistencies in the evidence regarding the exact date of the break-in and to Mr. Moore's motivation to fabricate his story in order to collect a monetary reward offered by the Churches. However, as the State points out, "contradictions and discrepancies [in the evidence] do not warrant dismissal of the case but are for the jury to resolve," *Fritsch*, 351 N.C. at 379, 526 S.E.2d at 455; *see also State v. Benson*, 331 N.C. 537, 544, 417 S.E.2d 756, 761 (1992), and evidence regarding bias of any witness is also for the jury to resolve. We are charged with reviewing the evidence in the light most favorable to the State. Accordingly, Defendant's argument is overruled.

## B. Ineffective Assistance of Counsel

In Defendant's second argument, he contends that he received ineffective assistance of counsel when his attorney failed to thoroughly investigate and to make appropriate motions in Defendant's case, resulting in prejudice to Defendant's defense. Specifically, he refers to a "surprise revelation" that the Churches' granddaughter was at the residence when Mrs. Church initially discovered the break-

in, and he contends that his counsel failed to investigate whether the granddaughter may have stolen the money.

Generally, claims of ineffective assistance of counsel should be considered through motions for appropriate relief in post-conviction proceedings and not on direct appeal. *State v. Stroud,* 147 N.C. App. 549, 553, 557 S.E.2d 544, 547 (2001). A motion for appropriate relief is preferable to direct appeal because it allows for development of an adequate factual record. *Id.* at 554-55, 557 S.E.2d at 547; *State v. Buckner,* 351 N.C. 401, 412, 527 S.E.2d 307, 314 (2000). When this court reviews a claim of ineffective assistance of counsel on direct appeal and determines that the claim has been brought prematurely, "we dismiss those claims without prejudice, allowing defendant to bring them pursuant to a subsequent motion for appropriate relief in the trial court." *State v. Thompson,* 359 N.C. 77, 123, 604 S.E.2d 850, 881 (2004).

To prevail on a claim of ineffective assistance of counsel, a defendant must satisfy a two-prong test. First, the defendant must show that counsel's representation "fell below an objective standard of reasonableness." *State v. Allen,* 360 N.C. 297, 316, 626 S.E.2d 271, 286 (2006) (internal marks omitted). Second, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* The Defendant must overcome a strong presumption that counsel's conduct "might

be considered sound trial strategy." *State v. Augustine*, 359 N.C. 709, 733, 616 S.E.2d 515, 532 (2005). Here, the record before us does not show that trial counsel's representation of Defendant fell "below an objective standard of reasonableness." Trial counsel called witnesses for the defense, conducted cross-examination of all of the State's witnesses, and made inquiries at the granddaughter's school regarding her attendance on the day of the break-in. Trial counsel's actions could be viewed as strategic decisions.

However, we conclude that the claim has been brought prematurely. We do not believe there is enough detail in the "cold record" from which this Court could determine whether Defendant's argument actually has merit. *See State v. Thompson*, 359 N.C. 77, 122-23, 604 S.E.2d 850, 881 (2004) (stating that an ineffective assistance of counsel claim brought on direct appeal should be dismissed without prejudice where further investigation regarding the claim may be required). Accordingly, we dismiss the claim without prejudice, "allowing [D]efendant to bring [it] pursuant to a subsequent motion for appropriate relief in the trial court." *Id.*

NO ERROR IN PART, DISMISSED IN PART.

Judges CALABRIA and ELMORE concur.

Report per Rule 30(e).