MURPHY, Judge.
Defendant appeals his convictions, contending that his right to counsel under the U.S. Constitution was violated when his counsel rendered ineffective assistance at trial. To establish ineffective assistance of counsel on direct appeal, the cold record must reveal that no further investigation is needed to evaluate trial counsel's conduct and strategy. After a thorough review of the record before us, we conclude further investigation is needed in order to reach the merits of Defendant's claims. Accordingly, we dismiss Defendant's appeal without prejudice to Defendant's right to file a motion for appropriate relief in Superior Court.
BACKGROUND
Defendant was a teacher in the English as a Second Language (ESL) program at an elementary school. George[1] was a Spanish-speaking student in Defendant's classes from kindergarten through the third grade. When George was in the first grade, Defendant began sexually assaulting George in the bathroom while walking him and other students back to their classrooms. George reported this conduct continued throughout his second and third-grade years. When George was in third grade, he began claiming that he was sick and did not want to attend school. George told his mother and another teacher he was upset over his grandmother's recent death. George's mother did not believe him "[b]ecause he didn't even know her ... [h]e didn't speak with her." Upon further questioning, George told his mother he did not want to attend school anymore because "he was scared of" Defendant and that Defendant "had hurt him a lot."
Defendant was indicted on fifteen charges: three counts of first-degree kidnapping, four counts of indecent liberties with a child, four counts of first-degree sexual offense, and four counts of felony sex act by a teacher with a student. Defendant's first trial resulted in a mistrial, and he was retried in 2017. A jury convicted Defendant of two counts of indecent liberties with a child, two counts of first-degree kidnapping, one count of first-degree sexual offense, and one count of a sexual act by a teacher with a student. The trial court arrested judgment on the two kidnapping charges and sentenced Defendant to consecutive active terms on the remaining four convictions. Defendant timely appeals.
ANALYSIS
A. Ineffective Assistance of Counsel
Defendant contends he was deprived of his constitutional right to effective assistance of counsel at trial. For the reasons stated below, we decline to address his argument.
It is well established that a defendant's constitutional right to counsel includes a right to effective assistance of counsel. Strickland v. Washington , 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.E.2d 674 (1984). Our Supreme Court has stated:
To successfully assert an ineffective assistance of counsel claim, defendant must satisfy a two-prong test. First, he must show that counsel's performance fell below an objective standard of reasonableness. Second, once defendant satisfies the first prong, he must show that the error committed was so serious that a reasonable probability exists that the trial result would have been different absent the error.
State v. Blakeney , 352 N.C. 287, 307-08, 531 S.E.2d 799, 814-15 (2000) (internal citations omitted).
The U.S. Supreme Court has recognized "the difficulties inherent in making the evaluation" as to whether trial counsel's performance falls below an objective standard of reasonableness. Strickland , 466 U.S. at 689, 104 S.Ct. at 2065.
[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. There are countless ways to provide effective assistance in any given case.
Id. (citation and internal quotation marks omitted). "Only when all aspects of the relationship are explored can it be determined whether counsel was reasonably likely to render effective assistance." State v. Buckner , 351 N.C. 401, 412, 527 S.E.2d 307, 314 (2000) (citation, alteration, and internal quotation marks omitted).
Given the inherent difficulties of evaluating an ineffective assistance of counsel claim, "claims of ineffective assistance of counsel should [generally] be considered through motions for appropriate relief and not on direct appeal." State v. Stroud , 147 N.C. App. 549, 553, 557 S.E.2d 544, 547 (2001). Accordingly, we reach the merits of ineffective assistance of counsel claims brought on direct appeal only "when the cold record reveals that no further investigation is required ...." State v. Thompson , 359 N.C. 77, 122-23, 604 S.E.2d 850, 881 (2004). Thus, we must determine whether Defendant's ineffective assistance of counsel claims should be determined on direct appeal.
Defendant asserts five instances at trial where his counsel provided ineffective assistance: (1) failing to request a limiting instruction regarding witness testimony of the minor victim's out-of-court statements; (2) failing to request a limiting instruction on expert testimony that the minor victim's symptoms and characteristics were consistent with the profile of a sexually abused minor; (3) failing to object to expert testimony that Defendant claims vouched for the minor victim's credibility; (4) failing to request a limiting instruction regarding testimony about the minor victim's PTSD diagnosis; and (5) failing to object to the trial court's refusal to redact a portion of a video containing Defendant's interview with law enforcement.
After a thorough review of the cold record before us, we are unable to determine whether trial counsel's performance fell below an objective standard of reasonableness. Trial counsel's strategy is a question of fact that cannot be hypothesized, and the strategy of Defendant's counsel and the reasons therefore are not apparent from the cold record. See State v. Al-Bayyinah , 359 N.C 741, 753, 616 S.E.2d 500, 509-10 (2005). Given the strong presumption that trial counsel acted within the standard of reasonableness, further investigation is needed in order to "assess the allegations in light of all the circumstances known to counsel at the time of representation." See Buckner , 351 N.C. at 412, 527 S.E.2d at 314. Accordingly, we dismiss this appeal without prejudice to Defendant's right to file a motion for appropriate relief in the Superior Court.
B. Cumulative Error
In light of our conclusion that Defendant's ineffective assistance of counsel claims cannot be determined on the merits on appeal, we do not reach the question of whether the cumulative impact of any alleged ineffective assistance of counsel violated Defendant's right to a fair trial.
CONCLUSION
For the reasons stated above, this appeal is dismissed without prejudice to Defendant's right to file a motion for appropriate relief in Superior Court.
DISMISSED.
Report per Rule 30(e).
Judges STROUD and ZACHARY concur.

A pseudonym is used to protect the identity of the minor victim.