An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 24-1049

Filed 15 October 2025

Buncombe County, No. 21CRS090156-100

STATE OF NORTH CAROLINA

       v.

JOSELYNN FAYE MEAD

Appeal by defendant from judgment entered 13 December 2023 by Judge Jacqueline D. Grant in Superior Court, Buncombe County. Heard in the Court of Appeals 28 August 2025.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Laura H. McHenry, for the State.*

> *Cooley Law Office, by Craig M. Cooley, for defendant.*

ARROWOOD, Judge.

Joselynn Mead ("defendant") appeals from a jury verdict finding her guilty of voluntary manslaughter and subsequent sentence of imprisonment for 49 months minimum, 71 months maximum. For the following reasons, we hold that defendant received a fair trial free from prejudicial error.

I.      Factual Background

In 2020, defendant met Darrin Tinsley ("Mr. Tinsley") through their shared work in the karaoke industry; they began a relationship and moved in together in April 2021. Shortly after moving together, the couple began experiencing issues, including stressful financial situations. Mr. Tinsley would also drink heavily. During the summer of 2021, an incident occurred at a bar during which Mr. Tinsley made threatening comments and placed his hands on defendant.

On 2 December 2021, defendant and Mr. Tinsley went to Legends Bar in Asheville for a karaoke show. During the evening, a disagreement escalated into Mr. Tinsley throwing his phone at defendant; a friend offered defendant a place to stay for the night, which she declined. When they returned home, their conflict continued, and defendant testified that Mr. Tinsley began assaulting her in their apartment. Defendant shot him with a gun they kept by their bed, then went to her landlord's house for help. Police responded soon after, and defendant was brought in for an interview. Defendant was charged with second-degree murder during the interview.

Defendant's trial began 4 December 2023. At the close of the State's evidence, defendant made a motion to dismiss, while conceding there was "sufficient evidence" for the State to proceed on the theory of voluntary manslaughter. The trial court denied the motion. The jury ultimately found defendant guilty of voluntary manslaughter, rather than second-degree murder; defendant made a motion to set aside the verdict, arguing that she acted in perfect self-defense by using a gun in the face of repeated assaults. The trial court denied this motion as well, and sentenced

defendant in the mitigated range of 49 months minimum, 71 months maximum. Defendant gave oral notice of appeal.

## II.    Discussion

Defendant raises one issue on appeal, that she received ineffective assistance from her trial counsel for conceding that the State had sufficient evidence to proceed on a manslaughter charge.  We disagree.

### A.    Standard of Review

When addressing a claim of ineffective assistance of counsel, we engage "in a presumption that trial counsel's representation is within the boundaries of acceptable professional conduct."  *State v. Roache*, 358 N.C. 243, 280 (2004) (citing *State v. Fisher*, 318 N.C. 512, 532 (1986)).  Defendant carries a heavy burden in establishing trial counsel's deficient performance.  *Roache*, 358 N.C. at 279 (quoting *State v. Fletcher*, 354 N.C. 455, 482 (2001).

### B.    *Strickland* Test

The United State Supreme Court has a produced a two-part test for evaluating these issues, both prongs of which must be satisfied to allow a defendant to succeed:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The Court declined to define with any specificity what are the obligations of counsel, instead holding that each inquiry must consider all the circumstances of each case.  *Id.*

In light of the circumstance-specific nature of these types of claims, we have generally advised that ineffective assistance of counsel claims are to be "considered through motions for appropriate relief and not on direct appeal." *State v. Stroud*, 147 N.C. App. 549, 553 (2001).  "To defend against ineffective assistance of counsel allegations, the State must rely on information provided by defendant to trial counsel, as well as defendant's thoughts, concerns, and demeanor[,]" facts which do not appear on the record and must ascertained through a separate hearing. *See State v. Buckner*, 351 N.C. 401, 412 (2000).  Unless the claim can be evaluated on the basis of the cold record, we will dismiss the appeal without prejudice.

Defendant's argument centers on trial counsel's arguments before the trial court following the motion to dismiss at the close of the State's evidence.  Defense counsel stated that his argument "really center[ed] around [the State's] charge of second-degree murder" while conceding "that there's ample evidence or sufficient evidence to proceed on voluntary manslaughter, but they really haven't produced any evidence that would give the jury the ability to find that my client operated with malice and had absolutely no imperfect self-defense at all."  The trial court, following arguments, declined to dismiss the second-degree murder charge.  Then, following

the jury verdict, trial counsel made a motion to set aside the verdict, arguing that defendant was "operating in perfect self-defense" by using a firearm to defend herself against someone that was repeatedly assaulting her. The court denied this motion.

Defendant argues that trial counsel failed the first prong of the *Strickland* test by failing to properly preserve an appeal on the trial court's denial of her motion to set aside the verdict, and failed the second prong since she would have raised this issue on appeal and would likely have been successful. However, defendant acknowledges in her brief that "trial counsel technically preserved the motion to set aside verdict claim . . . on the ground the State failed to present substantial evidence Mead used excessive force." Defendant then argues that because trial counsel "effectively admitted" that there was sufficient evidence to support the manslaughter charge during arguments for the motion to dismiss, this "implodes" the "straightforward trial error." Then, when addressing the prejudice prong, defendant argues that had her trial counsel not made this admission she would have directly appealed the denial of the motion to set aside the verdict, since we would review the appeal *de novo* as a preserved claim. Defendant further argues that but for her trial counsel's concession, the trial court would have granted the motion to set aside the verdict.

It is unclear what defendant is arguing. She admits that trial counsel preserved her ability to appeal the denied motion, but then appears to argue that our ability to review that appeal would be altered by trial counsel's admission, which is

why she did not raise that issue directly. Later in her argument, she appears to consider the appeal unpreserved, since she states that "[u]ndersigned counsel would've raised this claim because: (1) as a preserved claim, this Court would've reviewed it *de novo*." Here defendant cites to *State v. Blankenship*, regarding the standard of review for a preserved claim, which is the only citation to any case or statute on the prejudice prong of *Strickland* test.

Defendant has failed to explain why, under our statutes and caselaw, we would be unable to conduct a proper review of the trial court's denial of her motion to set aside the verdict. Furthermore, defendant's arguments that the motion to set aside the verdict would have otherwise been granted are unavailing because the State presented sufficient evidence of each element to survive the motion. Accordingly, she has failed to demonstrate that she suffered any prejudice due to her trial counsel's actions, and her appeal on the basis of ineffective assistance of counsel must necessarily fail. We need not dismiss without prejudice to file a motion for appropriate relief, as the record and the parties arguments have provided us with a sufficient ability to evaluate the claim.

## III.   Conclusion

For the foregoing reasons, we hold that defendant received a fair trial, free from prejudicial error.

NO ERROR.

Judges COLLINS and FREEMAN concur.

Report per Rule 30(e).